410 So.2d 566 (1982)
Sheldon GREENBERG, Appellant,
v.
SIMMS MERCHANT POLICE SERVICE, and Florida Department of Labor and Employment Security, Unemployment Appeals Commission, Appellees.
No. AB-25.
District Court of Appeal of Florida, First District.
February 11, 1982.
Daniel H. Thompson, Tallahassee, for appellant.
James R. Parks and Noreen Davis, Tallahassee, for appellees.
PER CURIAM.
Appellant, Sheldon Greenberg, appeals an adverse decision by the Unemployment Appeals Commission which affirmed an order of the Unemployment Appeals Referee denying his claim for unemployment benefits. His appeal is founded upon the contention that the failure of the appeals referee to comply with the rules of procedure for hearing such claims denied him due process of law. We affirm.
Our examination of the record of the proceedings before the appeals referee convinces us that the referee's examination of the parties was adequate, in view of the non-complex nature of the issues, and that ample opportunity was given to each party to testify, conduct cross-examination, and explain his side of the controversy to the referee. Each party was invited to make any further statement he cared to make *567 before the referee terminated the hearing. Further, appellant has failed to demonstrate any prejudice resulting from the alleged failure of the referee to make known any documentary evidence he intended to consider at the hearing. No documentary evidence was introduced nor discussed at the hearing, and we find no indication that documents not available to appellant were considered by the referee in arriving at his decision.
It is true, as appellant contends, that the rules governing unemployment compensation appeals, found in Chapter 38E, Florida Administrative Code, contain no provision for hearings to be conducted by means of a telephone conference. Notwithstanding, the rules do not prohibit telephone conference hearings, and in this instance, at least, the use of this procedure has been approved by the Unemployment Appeals Commission of the Florida Department of Labor and Employment Security. The statute concerning unemployment compensation claims contains no specific directives concerning procedure, but merely provides that the manner in which appealed claims shall be presented "shall be in accordance with rules prescribed by the Commission." Section 443.07(4)(d), Florida Statutes (1979).
We have considered appellant's arguments concerning the telephone conference procedure, including his contention that this form of hearing deprived the referee of the opportunity to ascertain appellant's "demeanor" while testifying. Appellant points out that Rule 38E-5.14(2)(d) provides that in any appeal in which one or more of the parties resides outside the state of Florida, the referee shall request the assistance of an administrative hearing officer to obtain the evidence of the non-resident party. In this instance, appellant resided in New York at the time he filed his unemployment compensation claim, and on one of the forms supplied to him by the New York Unemployment Insurance Division, he indicated that he desired to attend a hearing on his claim in New York.[1] Thereafter, he received notice from the Florida appeals referee advising him that a hearing on his claim would be held in Fort Lauderdale, Florida, and that in order to dispose of his case as quickly as possible, the hearing would be by means of a telephone conference. Appellant was given specific directions and instructions regarding the telephone conference hearing including, among other things, the request that he furnish a telephone number at which he could be reached at the specific time and date the hearing was scheduled. Appellant furnished this telephone number.
From the standpoint of affording the referee an opportunity to observe his "demeanor," we think that in this respect a telephone conference is far superior to a cold, written record. In any event, at no time did appellant express his objection or disagreement with the telephone conference procedure, nor did he register any objection to that procedure when he appealed the referee's decision to the Unemployment Appeals Commission. Thus, the objection on this ground is raised for the first time on his appeal to this court.
It appears that the determination of unemployment compensation appeals by means of a telephone conference is not unprecedented. We note that the same practice has been employed in California, as revealed by the opinion in Slattery v. California Unemployment Insurance Appeals Board, 60 Cal. App.3rd 245, 131 Cal. Rptr. 422 (1976). The Slattery opinion notes that although not mentioned in the California Board's formally promulgated rules, Board procedure provided for a conference telephone hearing, which the court referred to as "an imaginative attempt to solve ... due process problems... ." The court further stated (Id. at 425):
The Board has devised a pragmatic solution, made possible by modern technology, which attempts to reconcile the problems *568 of geographically separated adversaries with the core elements of a fair adversary hearing: the opportunity to cross-examine adverse witnesses and to rebut or explain unfavorable evidence... .
We fail to find that either the fairness of the proceedings or the correctness of the action has been impaired by any material error in the procedure followed by the appeals referee, or his failure to follow prescribed procedure. Section 120.68(8), Florida Statutes.
Accordingly, the order appealed from is AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and LARRY G. SMITH and WIGGINTON, JJ., concur.
NOTES
[1] Contrary to appellant's assumption, the rules do not provide for the appeals hearing to be held in the state of his residence. The rule provision he relies upon simply means that he would appear before a hearing officer in his resident state to give his testimony, which would then be transcribed and forwarded in written form to the Florida appeals referee.