Argued and submitted January 9, reversed and remanded for reconsideration
March 6, 1985

# BABCOCK,
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION et al,
*Respondents.*

## (84-S-1332-P; CA A31723)

696 P2d 19

Elliott Lynn, Beaverton, argued the cause for petitioner. On the brief was Robert Jacobini, Beaverton.

David Runner, Assistant Attorney General, argued the cause for respondent Employment Division. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Frank D. Klarich, Everett, Washington, waived appearance for respondent General Telephone.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

GILLETTE, P. J.

Petitioner seeks judicial review of a decision of the Employment Appeals Board denying her unemployment benefits. She alleges that EAB's findings of fact were not supported by substantial evidence; that the findings of fact do not support EAB's conclusion that she was discharged for misconduct connected with her work; and, finally, that the telephone hearings procedure utilized in her case did not provide her a full and fair hearing.

Petitioner worked as a telephone operator. After a series of absences for a variety of reasons, she was warned that another instance of tardiness or absence for any reason would lead to her dismissal. After arriving late to work on January 12, 1984, she was dismissed. Petitioner was subsequently denied unemployment benefits by an administrative decision of the Employment Division. The referee concluded that she had been discharged for misconduct connected with her work. EAB affirmed the referee's decision.

■ The The standard for our review of these administrative proceedings is provided in ORS 183.482(8)(c):

"(c) The court shall set aside or remand the order if it finds that the order is not supported by substantial evidence in the record."

When evidence before an agency is such that reasonable persons may differ as to whether it establishes a fact in issue, there is substantial evidence to support the decision. *Saxson v. Division of State Lands,* 31 Or App 511, 518, 570 P2d 1197 (1977). We noted in *Cook v. Employment Division,* 47 Or App 437, 614 P2d 1193 (1980), that "substantial evidence is 'any reasonable evidence or such proof as a reasonable mind would employ to support a conclusion.' " (Citation omitted). 47 Or App at 441. There is substantial evidence in the record to support EAB's finding of fact as to the circumstances of petitioner's dismissal.

■ Although EAB's findings of fact are supported by substantial evidence, respondent Employment Division concedes that the findings fail to support EAB's conclusion that petitioner was guilty of misconduct, because the findings do not establish the wilfulness element of misconduct as defined by the division's own rules. OAR 471-30-038(3). We remand to

EAB for reconsideration of this issue.

■ We deal with one further contention of petitioner, because it may arise again in her case and because it is of vital importance to the unemployment compensation system. Petitioner asserts that the Division's use of telephone hearings denied her a full and fair hearing and violated applicable statutes and administrative rules. First, she questions whether telephone hearings satisfy OAR 471-40-025(2), which requires that hearings before a referee be open to the public. We find nothing inherently exclusive of the public in telephone hearings, considering the simple expedient of a speaker phone or addition of other phone lines to the conference call.

Petitioner next questions whether she was provided a reasonable opportunity for a fair hearing under ORS 657.270(2). That statute provides:

"(2)    After the referee has afforded all parties reasonable opportunity for a fair hearing, the referee shall promptly affirm, modify or set aside the decison of the authorized representative with respect to the claim and promptly shall notify all parties entitled to notice of the decision * * *."

This court may remand if:

"[E]ither the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure." ORS 183.482(7).

Telephone hearings are authorized by OAR 471-40-023; we find nothing in the record to indicate that the referee did anything other than follow prescribed procedure. In any event, for the reasons discussed below we hold that plaintiff's telephone hearing adequately afforded her a fair hearing.

Petitioner points to three problem areas allegedly affecting the fairness of a telephone hearing. They are whether the parties have an adequate opportunity (1) to present and discuss evidence and (2) to cross-examine witnesses and (3) whether the referee can adequately judge the demeanor and credibility of the witnesses.

Nothing in the record suggests that petitioner was prejudiced in any of these particular areas. The Division's notice of telephone hearing form indicates that documentary evidence may be mailed to the referee in advance and that

copies will be sent to all parties in advance of the hearing. Petitioner does not suggest that any evidence—documentary or otherwise—was not considered because of the nature of the hearing.

Petitioner also had an opportunity to cross-examine her employer's witness, rebut the employer's statements and tell her own story to the referee. Both sides were given every opportunity to develop the case before the testimony was closed, and both parties indicated to the referee that they had completely made their points.

This brings us to the most difficult issue, credibility. Judging the credibility of witnesses is certainly an element of the referee's function. *Lewis v. Employment Division,* 66 Or App 303, 673 P2d 1376 (1984). Physical appearance can be a clue to credibility, but of equal or greater importance is what a witness says and how she says it. Beyond testing credibility by the inherent plausibility of a witness' testimony, *see Lewis and Clark College v. Bureau of Labor,* 43 Or App 245, 256, 602 P2d 1161 (1979), *rev den* 288 Or 667 (1980) (Richardson, J., concurring opinion), we are satisfied that the audible indicia of a witness' demeanor are sufficient for a referee to make an adequate judgment as to believability. *See Lewis v. Employment Division, supra,* 66 Or App at 308 n 3. We find no statutory violation.

In her final assignment of error, petitioner asserts due process and equal protection objections to telephone hearings under both the Oregon and federal constitutions. The due process issue must be decided on federal constitution grounds. *State ex rel Jones v. Crookham,* 296 Or 735, 740, 681 P2d 103 (1984). The United States Supreme Court has given considerable attention to due process requirements in administrative proceedings, saying:

> "The judicial model of an evidentiary hearing is neither required, nor even the most effective, method of decisionmaking in all circumstances. The essence of due process is the requirement that 'a person in jeopardy of serious loss [be given] notice of the case against him and opportunity to meet it.' " *Mathews v. Eldridge,* 424 US 319, 348, 96 S Ct 893, 47 L Ed 2d 18 (1976) (Citations omitted).

*See also Goldberg v. Kelly,* 397 US 254, 267, 90 S Ct 1011, 25 L Ed 2d 287, 299 (1970). *Eldridge* established three factors which

must be balanced in determining whether, in a particular case, due process is satisfied: (1) the private interest affected by the official action, (2) the risk of erroneous deprivation of that interest through the procedures to be used and the value of additional or substitute procedures in assuaging the risk and, finally, (3) the government's interest (usually as a matter of economy) in utilizing a particular procedure. 424 US at 335.

Analysis under the three *Mathews* criteria of the case before us does not aid petitioner. As we have already indicated, the record shows that she had an opportunity to cross-examine her employer's witness and to rebut employer's statements, as well as to explain her side of the controversy. Our review of the record in this case has not revealed that petitioner was unfairly prejudiced by the nature of the hearing; neither do we believe that requiring the parties to appear in person would lessen the risk of erroneous deprivation of petitioner's interest. Finally, and perhaps most importantly, in a world of limited public resources we find that the Division has a strong interest in employing telephone hearings as an efficient and fair response to its logistical limitations. *See Slattery v. California Unemployment Insurance Appeals Board,* 60 Cal App 3d 245, 251, 131 Cal Rptr 422, 425 (1976); *Greenberg v. Simms Merchant Police Service,* 410 So2d 566 (Fla Dist Ct App 1982). We find no deprivation of due process.

Petitioner lastly suggests, without elaboration, that a telephone hearing denies equal protection. There is no suggestion that petitioner was a member of a class denied equal protection of the law, other than that class created by the hearing procedure itself, which assigns persons to either in person or telephone hearings. This circular use of the concept of classification was rejected in *State v. Clark,* 291 Or 231, 630 P2d 810, *cert den* 454 US 1084 (1981). We find nothing in the record to indicate that petitioner was denied a privilege or disadvantaged compared to others similarly situated. Our ruling applies equally under federal and state constitutional provisions. *See City of Klamath Falls v. Winters,* 289 Or 757, 775, 619 P2d 217 (1980).

Reversed and remanded for reconsideration.