Argued and submitted July 30, reversed and remanded for reconsideration
October 15, 1986

BERGUN et al,
*Petitioners,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(85-AB-1175; CA A37213)

726 P2d 1202

Sharon Stevens, Salem, argued the cause and filed the brief for petitioners.

Linda DeVries Grimms, Assistant Attorney General,

Salem, argued the cause for respondent Employment Division. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Paul J. De Muniz, Salem, argued the cause for respondent Boise Cascade Corporation. With him on the brief was Garrett, Seideman, Hemann, Robertson & De Muniz, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

### WARDEN, P. J.

Claimants seek review of an Employment Appeals Board order affirming and adopting a hearings referee's order which denied claimants unemployment benefits under the provisions of ORS 657.150(9)(b). We reverse and remand.

All claimants were employes of Boise Cascade's Willamina plant. The basic issue before the referee and the Board was whether vacation pay received by claimants for the time when the plant was shut down during the weeks of July 23 through August 12, 1984, must be treated as earnings, thereby reducing claimants' weekly benefit amounts for those weeks. ORS 657.150(8) provides that vacation pay is not considered as earnings in determining the amount of unemployment benefits payable. However, ORS 657.150(9)(b) provides:

"(9) Notwithstanding the provisions of subsection (8) of this section, *payment for a vacation shall be considered as earnings in the determination of the amount of benefits payable* as provided in subsection (6) of this section *if the individual is away from work for a designated vacation period:*

"* * * * *

"(b) *By reason of an employer custom, practice or policy established by prior experience * * *.*" (Emphasis supplied.)

Initially, the Employment Division had paid claimants' unemployment compensation in accordance with its interpretation of the statute as contained in chapter 457 of the Division's Benefit Manual. The manual specified that, to qualify for the statutory exception in ORS 657.150(9)(b), the designated vacation period must occur at the same time each year and it had to have occurred at that same time the prior year. Because the plant's 1983 "designated vacation period" was at a time different from the 1984 period and because the period had varied from year to year, the Division concluded that the statutory exception did not apply to claimants. The referee, stating on the record that he was not bound by the manual's interpretation of the statute, found that the 1984 shutdown was a "designated vacation period" established "by employer custom, practice or policy," within the meaning of the statute. The referee concluded that vacation pay received during the shutdown must be included in the benefit calculations, thereby reducing claimants' benefits by the amount of

vacation pay received. The Board adopted the referee's opinion, and claimants appeal.

■ Claimants first contend that the referee was bound by the Division's interpretation of ORS 657.150(9)(b) in chapter 457 of the Benefit Manual. We disagree. Chapter 457 has not been promulgated in accordance with rulemaking procedures of the Administrative Procedures Act. It is merely a guideline for the Division's staff and is periodically revised without rulemaking procedures. The referee properly concluded that he was not bound by chapter 457 of the manual.

■ Claimants next contend that the referee erred in his interpretation of ORS 657.150(9)(b) by concluding that the statute does not require a designated vacation period to occur within the same particular period of time each year. Claimants argue that the statute and its legislative history indicate that the legislature intended that the shutdown must occur at precisely the same time each year. We agree with the referee. Neither the statutory language nor the legislative history manifests a legislative intent to apply claimants' narrow and restrictive interpretation of ORS 657.150(9)(b).[1] The statute does not mandate that designated vacation periods begin and end at *precisely* the same time each year.

■ Claimants finally contend that the record lacks substantial evidence to support the finding that the 1984 shutdown was by reason of employer custom, practice or policy established by prior experience. We agree. Substantial evidence is proof that a reasonable person would employ to support a conclusion. *Babcock v. Employment Division,* 72 Or App 486, 488, 696 P2d 19 (1985).[2] Employer argues that the

---

[1] The House Labor Committee minutes concerning 1983 House Bill 2131, which amended ORS 657.150(9), suggest that a few members contemplated a narrow interpretation of subsection (9). However, reading the legislative history as a whole, we conclude that the legislature intended a much broader construction.

[2] The standard articulated in *Babcock v. Employment Division, supra,* and predecessor cases is known as the "any evidence" standard. Under it, there is substantial evidence for a finding if evidence in the record, viewed in isolation, would support that finding. Under this test, we do not consider whether other evidence would detract from that evidence. Since *Babcock,* the Oregon legislature adopted a different test for substantial evidence:

"Substantial evidence exists to support a finding of fact when the record, as a whole, would permit a reasonable person to make that finding." ORS

vacation shutdown in June, 1983, is evidence of its "policy established by prior experience." However, no evidence was introduced to indicate that the 1983 shutdown was designated as a vacation period.

Employer's Employee Handbook, introduced in evidence at the hearing, states that employer *"prefers* that * * * vacations be taken in summer months when vacation relief workers are available *but this is not required."* (Emphasis supplied.) The handbook makes no reference to designated vacation periods as a matter of employer custom, practice or policy. Sweeney, employer's employe relations coordinator, testified that he would not be surprised that, before the 1983 shutdown, employes were given *the option* of taking the shutdown period as vacation time. That testimony does not contradict claimants' assertion that they were given that option. He did not testify that they did not have the option in 1983. Boise Cascade points to no evidence other than Sweeney's testimony to support the finding that the 1983 shutdown established a custom, practice or policy by prior experience. That finding is not supported by substantial evidence.

Reversed and remanded for reconsideration.

183.482(8)(c).

The amendment to ORS 183.482(8)(c) applies only to proceedings commenced after the effective date of the amendment, September 20, 1985. Or Laws 1985, ch 757, § 8. Because this petition for review was filed September 13, 1985, the *Babcock* test controls our review.