522 So.2d 39 (1988)
BUCKEYE CELLULOSE CORPORATION, Appellant,
v.
Robert T. WILLIAMS and the Florida Unemployment Appeals Commission, Appellees.
No. BT-228.
District Court of Appeal of Florida, First District.
January 14, 1988.
As Modified on Denial of Rehearing March 17, 1988.
Jann Johnson and Rebecca S. Conlan, of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, and Marc S. Krass, Sr. Counsel for the Buckeye Cellulose Corp., Cincinnati, Ohio, for appellant.
John D. Maher, Tallahassee, for appellees.
SHIVERS, Judge.
Buckeye Cellulose Corporation (Buckeye) appeals an order of the Unemployment Appeals Commission affirming the decision of an appeals referee of the Unemployment Compensation Appeals Bureau that appellee Robert T. Williams is entitled to receive unemployment compensation benefits because he voluntarily left his job with Buckeye for good cause. We affirm the Unemployment Appeals Commission on all issues and find that the issue whether the referee's findings of fact are sufficient to support his conclusions merits discussion. Based on the record we conclude the evidence is sufficiently competent and substantial to support the final order. The referee is the fact finder and his findings have been affirmed by the agency. We did not hear the testimony and are not in a better or even equal position to evaluate the credibility of witnesses. As we stated in Greenberg v. Simms Merchant Police Service, 410 So.2d 566 (Fla. 1st DCA 1982), "a telephone conference is far superior to a cold, written record." Id. at 567.
Appellee Williams declared that when he quit his job in June, he told his department manager Larry James that he was leaving because of the harassment and pressure. He testified that he was coming to work and doing his job, but that every time he turned around his work was being questioned. He stated that he had gone to a drug treatment center for 30 days during the first part of the year; that his supervisor Larry James was new and when James found out where he had been and what he had been for, that he was then constantly accused of doing something wrong. Williams said that the same job he had been doing correctly for three years all of a sudden turned wrong, that he could not do it right anymore for the supervisor. Claimant Williams testified that on two separate occasions he was bumped from his shift by *40 a junior employee whom claimant had trained and that claimant was reduced in pay grade. He testified that when he returned from drug treatment he was free and clear of problems, that he and "everyone else" thought he had picked up and improved considerably, and that his goals were to do a satisfactory job. Claimant was of the opinion, and the referee found claimant's opinion to be well reasoned, that his earlier involvement in drug abuse became the occasion for the supervisor to subject him to unfair and discriminatory treatment. Indeed, the employer's only witness, who did not know the claimant and testified on the basis of secondhand information, confirmed that claimant had complained about harassment in March, two months before he quit. The referee found that the claimant had offered sufficient evidence from which it could be concluded that the harassment to which he was subjected was sufficient to constitute good cause for claimant to leave his employment. We cannot substitute our judgment as to the weight of the evidence on any disputed fact even though we might have reached a different conclusion on the same evidence. The question of the weight of the evidence is for the administrative agency and not for the courts. Florida Motor Lines Corporation v. Douglass, 150 Fla. 1, 7 So.2d 843 (1941) and 1 Fla.Jur.2d Administrative Law § 175. There is evidentiary basis for the referee's finding that Mr. Williams was harassed and that this harassment supplied the good cause for Williams to leave his employment.
AFFIRMED.
ZEHMER, J., concurs.
THOMPSON, J., dissents, with opinion.
THOMPSON, Judge, dissenting.
I would reverse. Williams asserts that he voluntarily left this job because he was being subjected to harassment and discrimination. The appeals referee agreed, and cited several instances of discriminatory or harassing treatment drawn from Williams' testimony. Nevertheless, these conclusions are factually erroneous and do not constitute the requisite "good cause" which must be shown before an unemployment compensation claimant may be entitled to benefits for leaving a job voluntarily.
An unemployment compensation claimant who voluntarily resigns bears the burden of proving he is qualified to receive benefits because he left his job for good cause attributable to his employer. § 443.101, Fla. Stat. "Good cause" for voluntarily quitting is those circumstances which would impel the average, able bodied, qualified worker to give up his employment. These circumstances are judged under an objective standard; the employer's actions must be wrongful, not merely burdensome or unpleasant to the particular employee. Marcelo v. Dept. of Labor and Employment Security, 453 So.2d 927 (Fla. 2d DCA 1984); Perez v. Dept. of Labor, 377 So.2d 806 (Fla. 3d DCA 1979). See also Home Fuel Oil Co. Inc. v. Unemployment Appeals Commission, 494 So.2d 268 (Fla. 2d DCA 1986); Sollecito v. Hollywood Lincoln Mercury, Inc., 450 So.2d 928 (Fla. 4th DCA 1984); Beard v. Dept. of Commerce, 369 So.2d 382 (Fla. 2d DCA 1979).
The evidence adduced below established that Williams had an extensive and continuing problem with absenteeism and had participated in numerous meetings with his supervisors in an effort to address these problems. In support of his allegations of discrimination and harassment Williams demonstrated only that he was twice moved to a different work shift to accommodate the transfer of another employee, that he was temporarily reduced one job grade, and that his attempts to resolve his problems with his employer were of no avail. From this evidence the appeals referee concluded that Williams was being harassed and subjected to discriminatory treatment in that he was twice bumped from his shift by a less senior employee and was reduced a pay grade. Neither of these conclusions is supported by claimant's testimony. It was not shown that a job grade reduction involves any type of pay reduction, nor was it shown that the employee who replaced Williams was less senior, only that she was new to his department. *41 It was not shown that either of these occurrences was unusual. The appeals referee also cited the failure of the various meetings between Williams and his supervisors to yield any positive result, but nothing in the record demonstrates that this failure was the fault of the employer. No evidence whatsoever was adduced to show that Williams was being treated in a manner any different than any of the other employees.
Accordingly, none of the reasons supporting the conclusion that Williams quit because of discrimination and harassment are supported by competent substantial evidence. The determination that he voluntarily left his employment for good cause is erroneous, and the award of unemployment compensation benefits should be reversed.