[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a statutory appeal from a decision of the Employment Security Board of Review affirming a Referees decision denying the plaintiff's claim for unemployment compensation benefits. Previously the Administrator had granted the claim, and the Referee, after a de novo hearing, reversed that decision on the ground that plaintiff was properly discharged for repeated wilful misconduct in the course of her employment.
Plaintiff's principal claim is that the hearing before the Referee was improper because the Referee was biased and took unsworn evidence from a witness by telephone. Plaintiff further claims Referee relied on a single instance of plaintiff striking a co-worker for the conclusion that plaintiff was guilty of "repeated wilful misconduct".
Defendant Administrator contends that plaintiff's failure to file a motion pursuant to Practice Book 515A to correct finding within two weeks of the filing of the record in court, precludes him from challenging any finding of facts.
Practice Book 515A does not preclude an appellant from raising a claim of bias or reliance on incompetent evidence. However, plaintiff did not pursue her claim of bias either by brief or oral argument, relying principally on the claim that the Referee unproperly took unsworn evidence from a witness CT Page 366 over the telephone. There are leading decisions in other states which have established the legality of telephone hearing procedures for credibility determinations on the basis of the opportunity to cross-examine and rebut such witness. Slattery v. Unemployment Insurance Appeals Board,60 Cal.App. 3rd 245, 131 Cal. Rptr 422 (1976); Greenberg v. Simms Merchant Police Service, 410 So.2d 566 (Fla. Dist. Ct. App. 1982); Babcock v. Employment Division, 72 Or. App. 486;696 P.2d 19, 1985. At least one unreported Connecticut Superior Court decision has followed these cases. Gerardi v. Administrator, Judicial Dist. of Hartford-New Britain at Hartford, No. 288 425, Aspell, J. June 13, 1984. The claim that the taking of evidence from the complaining co-worker over the telephone is by itself, an insufficient basis for sustaining this appeal.
We have reviewed the record and find that the decision of the Review Board in upholding the decision of the Referee was not unreasonable, arbitrary or illegal in that there was sufficient evidence to substantiate the conclusion of the Review Board that the plaintiff was discharged for just cause pursuant to C.G.S. 31-236(a)(2)(B) because she struck a co-worker in circumstances seriously endangering her fellow employee's safety and that she used vulgar and offensive language to a superior without provocation.
Appeal dismissed.
Wagner, J.