645 So.2d 538 (1994)
Roy L. DEMPSEY, Appellant,
v.
OLD DOMINION FREIGHT LINES and Florida Unemployment Appeals Commission, Appellees.
No. 94-740.
District Court of Appeal of Florida, Third District.
November 9, 1994.
James Garrity, Tampa, for appellant.
Brian P. Philips, Palm Beach Gardens, for appellee Old Dominion Freight Lines.
*539 John D. Maher, Tallahassee, for appellee Florida Unemployment Appeals Com'n.
Before HUBBART, LEVY and GREEN, JJ.
GREEN, Judge.
Roy L. Dempsey ("Dempsey") appeals the denial of unemployment compensation benefits by the Florida Unemployment Appeals Commission as the result of his voluntary departure from his place of employment at Old Dominion Freight Lines, Inc. ("Old Dominion"). We reverse.
The relevant facts are basically undisputed by the parties. Dempsey had been employed as a dock worker at Old Dominion. Dempsey complained to the operations manager at Old Dominion that he [Dempsey] had been the constant recipient of verbal abuse by one of the night supervisors for whom Dempsey worked. Specifically, the night supervisor repeatedly referred to Dempsey as a "dumb a____,"; "dumb son of a b____" and other such offensive phrases.
After his complaint, Dempsey was apparently reassigned to a different location for approximately thirty days. Acting upon complaints from the other workers that Dempsey was receiving preferential treatment in not working the night shift, the operations manager decided to reinstate Dempsey to the night shift. When Dempsey told the operations manager that he would not work for the night supervisor who called him names, Dempsey was basically told that he had to either work with this supervisor or "clock out." Dempsey did in fact leave for the evening. When Dempsey reported for work the next day, he was told that he had in effect quit his job when he left the prior day.
The Florida Department of Labor and Employment Security Division of Unemployment Compensation determined that Dempsey was entitled to receive his unemployment compensation benefits. It found that the verbal abuse constituted good cause attributable to Old Dominion for Dempsey's voluntary departure. Old Dominion appealed this determination to a referee who likewise agreed that good cause attributable to the employer had been demonstrated.
Old Dominion then appealed to the Unemployment Appeals Commission ("UAC") which reversed the prior decision. This appeal is the result of that reversal.
At issue is whether Dempsey voluntarily left his place of employment for good cause attributable to his employer. We find that he did and the UAC erred in denying him unemployment compensation benefits. With this finding, we join the ranks of our sister courts and hold that although employers have every right to correct or admonish their employees in a reasonable manner when dissatisfied, employees are not required to accept undue verbal abuse from employers. Gollet Enter. East, Inc. v. Florida Unemployment Appeals Comm'n, 630 So.2d 1166 (Fla. 4th DCA 1993); accord Buckeye Cellulose Corp. v. Williams, 522 So.2d 39 (Fla. 1st DCA 1988).
We believe that an average employee of reasonable sensibilities would feel degraded and humiliated at being the direct recipient of constant profanity at the hands of an employer. We are dismayed that the employer's response to the situation in this case was to basically tell the employee to either accept the abuse or leave. We do not believe that any employee should have to endure verbal abuse as a condition of employment. Nor do we believe that such an employee should have to forfeit unemployment compensation benefits when he or she decides to sever ties with the employer for that reason.
Reversed and remanded.