In re CALEDONIA SPRINGS, INC., Debtor.

Gail CHIANG, Peter Chiang Leona Watson and Curneall Watson, Appellants,

v.

BARCLAYS BANK, PLC, Appellee.

D.C. Civ. No. 95–54.
Bankruptcy No. 194–00001.
Adv. No. 195–0001.

District Court,
Virgin Islands,
D. St. Thomas and St. John.

Aug. 15, 1995.

Gail Chiang, Kingshill, St. Croix, VI, pro se.

Peter Chiang, Kingshill, St. Croix, VI, pro se.

Leona Watson, Kingshill, St. Croix, VI, pro se.

Curneall Watson, Kingshill, St. Croix, VI, pro se.

George Eltman, Nichols, Newman & Silverlight, Martial A. Webster, Law Offices of Wynter & Webster, Carol Ann Rich, Campbell, Arellano & Rich, Benjamin Currence, William Dixon, Madison, WI.

Guy G. Gebhardt, Asst. U.S. Trustee, Office of U.S. Trustee, Atlanta, GA.

### MEMORANDUM OPINION

MOORE, Chief Judge.

This matter is before the court on appeal of the Bankruptcy Judge's [1] decisions dated March 15, 1995 by appellants Gail Chiang, Peter Chiang, Leona Watson and Corneall Watson ["appellants"], acting in their capacities as shareholders, officers, and creditors of Caledonia Springs, Inc. The issues [2] raised by appellants include whether the Bankruptcy Judge: (1) demonstrated a clear bias, lack of fairness, and prejudice against the appellants and in favor of the appellee Barclays Bank PLC ["Barclays"] in dismissing the adversary case, refusing to remand the case to the District Court, and granting sanctions, in the form of costs and fees, against the appellants; and (2) deprived the appellants of due process of law by conducting all bankruptcy hearings by telephonic conferences.[3] For the reasons expressed below, we affirm in part and reverse in part the Bankruptcy Judge's Orders dated March 15, 1995.

### STANDARD OF REVIEW [4]

In reviewing the bankruptcy judge's decision, this court will apply "a clearly erroneous standard to findings of fact, conduct plenary review of conclusions of law, and must break down mixed questions of law and fact, applying the appropriate standard to each component." *Meridian Bank v. Alten,* 958 F.2d 1226 (3d Cir.1992) (citing *In re Sharon Steel Corp.,* 871 F.2d 1217, 1222 (3d Cir. 1989)); *see also Sapos v. Provident Inst. of*

---

1. Judge Joseph L. Cosetti is a senior judge of the United States Bankruptcy Court for the Western District of Pennsylvania. Judge Cosetti was assigned to sit in the Virgin Islands pursuant to 28 U.S.C. § 155(a) which provides:

 (a) A bankruptcy judge may be transferred to serve temporarily as a bankruptcy judge in any judicial district for which such bankruptcy judge was appointed upon the approval of the judicial council of each of the circuits involved.

2. The appellants raise three other issues on appeal which will not be examined in this Memorandum. First, appellants contend that the Bankruptcy Judge erred in failing to recognize their right to file a complaint *pro se*. This contention, however, is unsupported since the Bankruptcy Judge, while recognizing appellants' right to file their complaint *pro se*, reprimanded them for filing a frivolous lawsuit, especially when counsel was available to advise and assist them. Transcript of Telephonic Proceeding, February 14, 1995 ["Tr."] at 19. Next, appellants argue that the Bankruptcy Judge erred and abused his discretion in declining to hear matters relating to the standing of Barclays. Yet the Bankruptcy Judge did in fact address Barclays' standing to participate in the bankruptcy proceeding. Tr. at 18, 24. Appellants then suggest that the Bankruptcy Judge erred by rendering indirect assistance to Barclays to impede both the civil litigation of Caledonia Springs, Inc. ["CSI"] against Barclays and CSI's right to be rehabilitated pursuant to the Bankruptcy Code and its underlying policies. In reviewing the designated record on appeal, we determine that the Bankruptcy Judge's conduct comports with the provisions and underlying policies of the Bankruptcy Code, thereby rendering this issue moot.

3. Even though this issue was never raised in the lower court, it will be nonetheless addressed in this Order.

4. In a United States district court created under Article III of the Constitution, the district judge has jurisdiction to hear appeals from decisions of a bankruptcy judge. 28 U.S.C. § 158(a)(1). When Congress established the District Court of the Virgin Islands under Article IV, Section 3, Clause 2 of the Constitution, it vested the district judges of this Court with the jurisdiction of "a bankruptcy court of the United States." Revised Organic Act of 1954 § 22(a); 48 U.S.C. § 1612(a). The Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541–1645 (1995), *reprinted in* V.I.Code Ann., Historical Documents, 73–177 (codified as amended) (1995) ("Revised Organic Act"). This Court has nevertheless been held to have the same appellate jurisdiction over decisions of a bankruptcy judge conferred by section 158(a)(1). *In re Kool, Mann, Coffee & Co.,* 23 F.3d 66 (3d Cir.1994).

*Sav. in Town of Boston,* 967 F.2d 918, 922 (3d Cir.1992). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)). This Court will review the imposition of sanctions and costs for abuse of discretion, which occurs if the court's ruling was founded on an error of law or clearly erroneous view of the facts or misapplication of the law to the facts. *In re Gioioso,* 979 F.2d 956, 959 (3d Cir. 1992).

## FACTS AND PROCEDURAL HISTORY

To better understand the relationship between appellants and Barclays, we include a brief discussion of other pending matters involving appellants and Barclays. The first action filed was essentially a lender-liability action instituted by Caledonia Springs, Inc. ["CSI"] against Barclays and other defendants. *Caledonia Springs Inc. v. Barclays Bank, PLC, et al.,* (Civil No. 1993/178).[5] Shortly thereafter, the second proceeding was initiated, namely, CSI moved for protection under Chapter 11 of the Bankruptcy Code. *In re Caledonia Springs,* (Chapter 11 Case No. 194–0001).[6] While the reorganization of CSI was being pursued, certain shareholders and officers of CSI, namely the appellants in this matter, filed the instant action in the District Court attempting to enjoin Barclays from participating in the bankruptcy proceedings as a contingent creditor.[7]

Under 28 U.S.C. § 157(b)(2)(A), Barclays removed the matter from the civil side to the Bankruptcy Division of this Court on the grounds that appellants' allegations involved the administration of the debtor's estate and thus was a core proceeding. Moreover, under 28 U.S.C. § 157(b)(2)(B), the allowance or disallowance of claims is a matter exclusively within the equitable jurisdiction of the bankruptcy judge. Meanwhile, the appellants, contesting that this is a core proceeding, filed a motion for remand under Bankr.R. 9027(d).

Following the removal of the case, Barclays moved to dismiss on the grounds that the appellants, in their individual capacities, lacked standing to state claims on behalf of CSI, the debtor in the bankruptcy action. Barclays further argued that, as a contingent creditor, it is authorized to participate in the bankruptcy proceeding pursuant to 11 U.S.C. § 1109(b).[8] The bank also sought sanctions against the appellants under Bankr.R. 9011 for the filing of a frivolous pleading. In its motion, Barclays noted that appellants, appearing *pro se,* had access to counsel, in both their civil suit and in the bankruptcy matter, and should have directed counsel to contest the proceedings, if warranted.

In the telephonic hearing conducted on February 14, 1995, the Bankruptcy Judge failed to find any legal basis for appellants to file this case in the district court since, once a bankruptcy case has been filed, the bankruptcy court has exclusive jurisdiction over the property of the estate. *See* Transcript of Telephonic Proceeding, February 14, 1995 ["Tr."] at 17.

---

**5.** Plaintiffs Caledonia Springs Inc. and Gail Chiang originally brought this action in the Territorial Court of the Virgin Islands against Barclays, Peter O'Connor and Roger White. Banco Popular de Puerto Rico was later joined as a defendant. At a pre-trial conference in January, 1994, Gail Chiang was dismissed from the case as an individual plaintiff. Barclays filed its answer and prayer for an award of costs and attorneys fees under V.I.CODE ANN. tit. 5, § 541, and the defendants removed the case to the District Court.

**6.** On January 14, 1994, an order for relief was entered on CSI's voluntary Chapter 11 petition,

and this Chapter 11 action commenced in the Bankruptcy Division of this Court.

**7.** *See infra* note 19 (explaining Barclays' standing as a contingent creditor in the reorganization of CSI).

**8.** 11 U.S.C. § 1109(b) states the following:

(b) A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and appear and be heard on any issue in a case under this chapter.

The Judge consequently denied appellants' motion for remand[9] because it was a core proceeding under 28 U.S.C. § 157(b)(2)(B); dismissed[10] appellants' complaint for failure to state a claim upon which relief can be granted pursuant to Bankr.R. 7012(b) and FED.R.CIV.P. 12(b)(6); and sanctioned[11] appellants, under Bankr.R. 9011(a) and FED.R.CIV.P. 11(b)(2), in the amount of $12,880. for Barclays' attorney fees and expenses, against the four individual appellants, jointly and severally, on the ground that the complaint was not warranted by any existing law or any good faith or reasonable extension, modification or reversal of well understood and established existing law. This appeal follows the Bankruptcy Judge's Orders.

## DISCUSSION[12]

A review of the record shows that the Bankruptcy Judge's decisions refusing to remand the case, dismissing appellants' complaint, and imposing sanctions were proper. We do, however, find sanctions totalling $12,880. for Barclays' attorneys fees to be excessive and therefore reduce this amount to $6,000.00.

### 1. This action is a core proceeding which falls within the exclusive jurisdiction of a proceeding under the Bankruptcy Code

■ To begin, appellants argue that this proceeding is non-core, and must be remanded to be tried as a civil action in the District Court because they have demanded a jury trial.[13] A bankruptcy judge, in a core proceeding, generally conducts the trial or hearing and makes a final determination subject to appeal.[14] A core proceeding under 28 U.S.C. § 157 is one which invokes substantial rights provided by Title 11, or one which by its nature could arise only in the context of a bankruptcy case. *Phar–Mor Inc. v. Coopers & Lybrand*, 22 F.3d 1228, 1234–34 (3d Cir. 1994) (quoting *Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir.1990)). A bankruptcy court maintains **exclusive** jurisdiction over proceedings "integral to the core bankruptcy function of restructuring debtor-creditor rights." *In re Arnold Print Works*, 815 F.2d 165, 166–67 (1st Cir.1987). Generally, proceedings arising from post-petition actions are likely to be core proceedings. *Billing v. Ravin, Greenberg & Zackin, P.A.*, 22 F.3d 1242, 1245 n. 1 (3d Cir.1994) (citations omitted) (confirming that the debtor's post-petition claim attacking the competency of bankruptcy counsel constituted a core proceeding under 28 U.S.C. § 157(b)(2)(A)).

■ Appellants' own complaint weakens their assertion that this action is non-core. Appellants allege that Barclays is not a creditor and does not have standing to participate in the bankruptcy case,[15] and that Barclays' "tortious conduct" in the bankruptcy proceedings has impaired CSI's ability to reorganize and has reduced CSI's assets that would otherwise be available to pay its unsecured creditors.[16] Based on these allegations, this action constitutes a core proceeding since it could arise only in the context of

---

**9.** Order of Court Denying Motion for Remand, dated March 15, 1995, Joseph L. Cosetti, U.S. Bankruptcy Judge.

**10.** Order of Court Granting Motion to Dismiss, dated March 15, 1995, Joseph L. Cosetti, U.S. Bankruptcy Judge.

**11.** Order of Court Granting Sanctions, dated March 15, 1995, Joseph L. Cosetti, U.S. Bankruptcy Judge.

**12.** As a preliminary matter, this Court denies Barclays' motion to strike certain documents from the appellate record. Barclays claims that much of the designation provided by appellants was not officially a part of the record in the Bankruptcy Division. Because appellants have continuously claimed that the Bankruptcy Judge was biased and lacked fairness in his adjudica-

tion of this matter, we have carefully reviewed the entire record designated for appeal.

**13.** Appellants' demand for a jury trial contradicts the injunctive relief (Amended Complaint, ¶¶ 11, 16) that they seek in their Complaint. An injunction is an equitable remedy for which a jury trial is not authorized.

**14.** In a non-core proceeding, the bankruptcy judge can still hold the trial or hearing, but generally cannot issue a final judgment. Rather, the bankruptcy judge submits proposed findings of fact and law to the district judge for review and a final judgment or order.

**15.** Amended Complaint, ¶ 8.

**16.** Amended Complaint, ¶¶ 15, 16.

a bankruptcy case and it involves the administration of the debtor estate. In addition, by attempting to prohibit Barclays from partaking in the bankruptcy proceeding, appellants appear to be seeking disallowance of Barclays' claim against the estate, and the "allowance or disallowance of a claim" is defined as a core proceeding under 28 U.S.C. § 157(b)(2)(B).[17] Thus, the Bankruptcy Judge had exclusive jurisdiction to resolve this matter and, pursuant to 28 U.S.C. § 157(b)(1), properly made a final determination with respect to it.

### 2. Appellants lack standing to bring this action

 Appellants, as equity security holders and unsecured creditors of CSI, lack standing to institute an action to redress allegations of generalized harm to the estate.[18] "Standing requires that the person seeking an adjudication be the proper party to request that adjudication." *In re Sinclair's Suncoast Seafood Inc.*, 140 B.R. 588, 591 (Bankr.M.D.Fla.1992). Also, the party asserting standing must be asserting his own rights and not the rights of a third party. *E.F. Hutton & Co. v. Hadley*, 901 F.2d 979, 985 (11th Cir.1990). Moreover, absent exceptional circumstances, individual creditors may not bring an action against other creditors on behalf of the debtor without first showing that the debtor has unjustifiably declined to act. *See e.g., In re McKeesport Steel Castings Co.*, 799 F.2d 91, 94 (3d Cir. 1986) (creditor allowed to sue to protect itself from inaction of the trustee). Here, the appellants are attempting to assert the rights of the debtor to reorganize without any interference from Barclays. Furthermore, even if the appellants were advancing their own

rights in their individual capacities as officers, creditors and security holders, they have failed to offer any testimony or evidence indicating how CSI's refusal to bring this suit is unjustified. Hence, appellants have failed to establish standing to file or maintain this action.

### 3. Appellants have failed to state a claim upon which relief can be granted

 In their complaint, appellants sought to prevent Barclays from participating in the pending bankruptcy matter, yet pursuant to 11 U.S.C. § 1109(b), Barclays, as a creditor,[19] has a statutory right to be heard in that action.[20] The United States Court of Appeals for the Third Circuit has construed 11 U.S.C. § 1109(b) broadly, based upon the language of the statute and the legislative history. *See In re Marin Motor Oil, Inc.*, 689 F.2d 445 (3d Cir.1982); *Phar–Mor Inc. v. Coopers & Lybrand*, 22 F.3d at 1233. Thus, since Congress has authorized that all parties in interest have an unqualified right to appear and be heard on any issue in a Chapter 11 case, appellants cannot obtain the relief they seek. As a consequence, dismissal of this action was appropriate pursuant to Bankr.R. 7012(b) and FED.R.CIV.P. 12(b)(6).

### 4. The Bankruptcy Judge did not abuse his discretion when he sanctioned appellants

 Imposition of sanctions is mandatory if Bankr.R. 9011 has been violated. *In re Gioioso*, 979 F.2d 956 (3d Cir.1992). A *pro se* litigant has the same duty under Rule 9011 as one represented by an attorney. *In*

---

17. 28 U.S.C. § 157(b)(2)(B) states the following:
 (2) Core proceedings include, but are not limited to—
 (B) allowance or disallowance of claims against the estate....

18. Appellants contend that Barclays' participation in the bankruptcy proceeding is impeding CSI's ability to reorganize (Amended Complaint, ¶ 15).

19. Barclays is a creditor of CSI's estate, holding contingent priority administrative claims for its fees and costs incurred post-petition, and contingent unsecured claims for pre-petition costs and

fees. *See Reading Company v. Brown*, 391 U.S. 471, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (finding a claim for post-petition attorneys' fees arising from a post-petition act by the debtor or trustee which was intended to benefit the estate but which led to the injury of a third party qualified as an administrative expense); *In re Execuair Corporation*, 125 B.R. 600 (Bankr. C.D.Cal.1991) (holding that fees assessed for post-petition prosecution of a contempt action constituted an administrative expense).

20. *See supra* note 8 and accompanying text.

*re Burse,* 120 B.R. 833, 837 (Bankr.E.D.Va. 1990). Sanctions may be imposed for the filing of a frivolous adversary proceeding. *In re Film Ventures Int'l, Inc.,* 89 B.R. 80 (9th Cir. BAP 1988). The fact that the underlying case has been dismissed is no impediment to the court's power to impose sanctions. *In re Balboa Improvements Ltd.,* 99 B.R. 966 (9th Cir. BAP 1989) (case remanded to the bankruptcy court so that the judge could consider sanctions for abusive conduct by a *pro se* litigant).

 The record reveals sufficient factual basis to warrant sanctions against appellants for filing a frivolous lawsuit. Appellants failed to assert any legal basis for filing this civil action in the civil side of the district court. Tr. at 17. Moreover, appellants lacked standing to bring this suit. Their complaint contained claims unsupported by existing law or fact. Tr. at 19, 21. In addition, appellants brought this suit *pro se* even though they had access to counsel through their pending bankruptcy and civil actions. Tr. at 19. The Bankruptcy Judge even asked appellants why they brought this action *pro se* and ascertained that appellants had consulted with their attorneys before they filed this action. Tr. at 19. Based on these facts, we find no abuse of discretion by the Bankruptcy Judge in imposing sanctions on appellants pursuant to Bankr.R. 9011 and FED.R.CIV.P. 11.

 Although we find the imposition of sanctions to have been proper, we have independently reviewed Barclays' affidavit of costs and fees, and find the amount claimed to be excessive. We determine $6,000.00. to be reasonable costs and attorneys fees for purposes of sanctions in this matter.

## 5. Telephonic hearings on dispositive and other motions are not inappropriate

 Since nothing in the law or rules compels the Bankruptcy Judge to hold a hearing or entertain oral arguments before ruling on a motion, telephonic hearings actually provided the appellants with greater opportunity to present their positions on pending motions than the judge was required to afford.[21] The judge could have simply ruled on a motion without any kind of a hearing. Therefore, rather than being strictly limited to the documents they submit to the court, telephonic hearings offer parties another occasion to state their views on a motion. Moreover, several other courts have upheld the use of telephonic hearings. *See Babcock v. Employment Division,* 72 Or.App. 486, 696 P.2d 19, 21–22 (1985) (unemployment compensation case: court held that telephone hearings withstood due process analysis under *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976)); *Greenberg v. Simms Merchant Police Service,* 410 So.2d 566, 567 (Fla.Dist.Ct.App. 1982) (unemployment compensation case: court upheld telephonic hearings, noting that a telephone conference affords the decision-maker a "far superior" opportunity to observe demeanor that "a cold written record"); *State ex rel. Human Services Dept. v. Gomez,* 99 N.M. 261, 657 P.2d 117, 118 (1982) (welfare benefits case: telephonic hearings upheld against due process challenge); *Casey v. O'Bannon,* 536 F.Supp. 350 (E.D.Pa.1982) (welfare benefits case: court held that telephone hearings withstood due process analysis under *Mathews); see also* J. Allison DeFoor, II & Robert N. Sechen, *Telecommunications in the Courtroom: Telephone Hearings in Florida,* 38 U.MIAMI L.REV. 593 (1984) (discussing telephonic conferencing as a means of achieving judicial efficiency).

## CONCLUSION

Having carefully reviewed all of the issues presented on appeal, we find no error in the Bankruptcy Judge's Orders refusing to remand, dismissing the complaint and imposing sanctions in the form of Barclays' attorneys fees and costs, except in the amount of the

---

21. The relevant portion of Rule 7008.1 of the Local Rules of the Bankruptcy Division of the District Court of the Virgin Islands provides that "the Clerk shall promptly ... forward the motion, response and accompanying affidavit or briefs, if any to the court for disposition by the court *with or without argument or hearing* as the court may deem appropriate." (emphasis added).

sanctions, which we reduce from $12,880. to $6,000.00. An appropriate order follows.

### ORDER

**AND NOW,** this 15th day of August, 1995, after careful review of the record and having considered the submissions of the parties; and for the reasons set forth in the Court's accompanying Memorandum Opinion of even date,

**IT IS ORDERED:**

**THAT** the Bankruptcy Judge's Orders dated March 15, 1995 denying appellants' motion for remand and dismissing appellants' complaint are **AFFIRMED;** and

**THAT** the Bankruptcy Judge's Order sanctioning appellants is **MODIFIED** to reduce the amount from $12,880. to $6,000.00.