PER CURIAM.
Butler Carpet Company d/b/a Bob’s Carpet Mart appeals the order of the Unemployment Appeals Commission which affirmed the award of unemployment compensation benefits to James D. Cole. We reverse.
Most of the pertinent facts are essentially undisputed by the parties. Mr. Cole testified at the evidentiary hearing that he was told by his supervisor that he was to report for work on January 1, 1998. Mr. Cole informed the supervisor that he would not report to work on January 1, 1998. In 1997, Mr. Cole had not been required to work on New Year’s Day. Mr. Cole did not report for work on January 1, 1998. On January 2, 1998, Mr. Cole reported for work. The supervisor called Mr. Cole into his office, shut the door and reprimanded Cole for this incident. Mr. Cole quit his job after this meeting.
Mr. Cole testified that his supervisor used profane language. The employer disputed the evidence that the supervisor used profane language. The appeals referee, however, made a finding of fact that the supervisor used the profane language. We must accept this factual finding be *803 cause it was supported by competent, substantial evidence.
Finally, it should be noted that Mr. Cole admitted in his testimony that his supervisor had a right to be upset with Cole for not reporting to work on January 1, 1998. Mr. Cole stated, however, that he quit because of the profane language directed at him.
We reverse the award of benefits to Mr. Cole because the appeals referee erroneously concluded that these facts showed that Mr. Cole left work with good cause attributable to his employer. The cases cited by the Unemployment Appeals Commission in its brief hold that employees are not required to accept undue verbal abuse from employers. See Dempsey v. Old Dominion Freight Lines, 645 So.2d 538 (Fla. 3d DCA 1994); Gollet Enterprises East, Inc. v. Florida Unemployment Appeals Comm’n, 630 So.2d 1166 (Fla. 4th DCA 1993). In these cases, however, the verbal abuse was “undue” apparently because the verbal abuse consisted of repeated and public outbursts of offensive language. In the instant appeal the profane language occurred only once and the reprimand occurred behind closed doors. Therefore, the supervisor’s actions did not rise to the level of undue verbal abuse as that term has been construed in the case law. Accordingly, the appeals referee erred by concluding that Mr. Cole left his employment with good cause attributable to the employer.
Reversed and remanded.
CAMPBELL, A.C.J., and THREADGILL, J., and LANGFORD, J. DAVID, Associate Judge, Concur.