**Thomas A. BROWN, Appellant,**

v.

**STATE of Alaska, DEPARTMENT OF ADMINISTRATION, DIVISION OF MOTOR VEHICLES, Appellee.**

No. S–8716.

Supreme Court of Alaska.

April 13, 2001.

*OPINION*

**PER CURIAM.**

1. A police officer arrested Thomas Brown for driving while intoxicated, handcuffed him, and took him to a police substation for processing. The officer then administered a chemical breath test which showed Brown's blood-alcohol level to be .109 percent, in excess of the legal limit of .10 percent.[1] The police officer informed Brown that he was entitled to an independent chemical test of his breath or blood. Brown declined to seek an independent test, but he insisted that he did so only because the handcuffs were hurting him and he wanted them removed right away. The police officer revoked Brown's driver's license based on the results of the breath test.

2. Brown sought an administrative hearing to review the revocation of his license. The hearing officer denied Brown's request that the hearing be held in-person. At the outset of the hearing, Brown objected on the grounds that a telephone hearing "hinders our ability to present our case." This objection was overruled. After holding a telephone hearing, the hearing officer concluded that Brown had knowingly and voluntarily waived his right to an independent alcohol test, and the hearing officer upheld a one-year revocation of Brown's license. The superior court affirmed.

3. On appeal to this court, Brown argues that he did not voluntarily waive his right to an independent blood test and that the Division of Motor Vehicles violated his due process rights by conducting the hearing telephonically.

4. We review directly the factual determinations of the administrative agency under the substantial evidence test,[2] deciding whether "the findings are supported by such evidence as a reasonable mind might accept as adequate to support a conclusion."[3] We review questions of constitutional interpretation de novo.[4]

Brent R. Cole, Marston & Cole, P.C., Anchorage, for Appellant.

Timothy W. Terrell, Assistant Attorney General, Anchorage, Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before MATTHEWS, Chief Justice, EASTAUGH, FABE, BRYNER, and CARPENETI, Justices.

1. *See* AS 28.35.030(a)(2).

2. *See Handley v. State, Dep't of Revenue,* 838 P.2d 1231, 1233 (Alaska 1992).

3. *Borrego v. State, Dep't of Pub. Safety,* 815 P.2d 360, 363 (Alaska 1991) (citation omitted).

4. *See Walker v. Walker,* 960 P.2d 620, 622 (Alaska 1998).

5. Recently, in *Whitesides v. State, Department of Public Safety, Division of Motor Vehicles*, we held that the hearing officer may not deny an in-person hearing in driver's license revocation proceedings in cases that involve issues of the licensee's credibility.[5] This case involves contested issues of fact as to whether Brown voluntarily waived his right to an independent blood test. Therefore, Brown was entitled to an in-person hearing.

6. Based on *Whitesides*, we VACATE the revocation of Brown's license and REMAND for an in-person hearing.

CARPENETI, Justice, with whom EASTAUGH, Justice, joins, dissenting.

EASTAUGH, Justice, dissenting.

CARPENETI, Justice, with whom EASTAUGH, Justice, joins, dissenting.

I dissent from the court's decision in this case for the same reasons that I dissented in *Whitesides v. State, Department of Public Safety, Division of Motor Vehicles.*[1] Due process is not violated *per se* by a telephonic administrative agency hearing,[2] and the hearing officer did not abuse her discretion by refusing to hold an in-person hearing given the reasons that were offered in this case.

A party to an administrative proceeding may not obtain appellate review of an issue unless the party has raised the issue before the agency.[3] As occurred in *Whitesides*, Brown did not raise concerns about witness credibility in his request for an in-person hearing. Brown's entire request for an in-person hearing was as follows:

> Additionally, I request that this matter be set on for an in-person administrative hearing and not a telephonic hearing. At the hearing, I intend to introduce exhibits and have an expert testify.

The hearing officer denied the request, stating that any exhibits could be submitted in advance or faxed the day of the hearing and that an expert witness could testify telephonically as well. She even expressly invited Brown to present any additional information on how a telephonic hearing would substantially prejudice his rights. But Brown offered no additional explanation.

The hearing officer correctly concluded that Brown, who had the burden of explaining his position, failed to raise any persuasive reason why a telephonic hearing would substantially prejudice his rights. For that reason, I conclude that the hearing officer did not abuse her discretion by denying an in-person hearing given the arguments that were presented to her.

EASTAUGH, Justice, dissenting.

I join in Justice Carpeneti's dissent in this case. He persuasively reasons in his dissent in the companion case of *Whitesides v. State, Department of Public Safety*[1] that a case-specific inquiry is required when deciding whether due process demands that a hearing in a driver's license-revocation case be conducted in person. I agree that the inquiry

---

5. 20 P.3d 1130, Op. No. 5388, 2001 WL 366621 (Alaska, April 13, 2001).

1. 20 P.3d 1130, Op. No. 5388, 2001 WL 366621 (Alaska, April 13, 2001).

2. *See Casey v. O'Bannon*, 536 F.Supp. 350, 353–54 (E.D.Pa.1982) (holding that telephonic welfare benefits hearing withstood *Mathews* due process analysis); *State ex rel. Human Servs. Dep't v. Gomez*, 99 N.M. 261, 657 P.2d 117, 118 (1982) (holding telephonic welfare benefits hearing did not violate due process); *Babcock v. Employment Div.*, 72 Or.App. 486, 696 P.2d 19, 21 (1985) (holding that telephonic unemployment compensation hearing did not violate due process).

For a discussion of the principle that a telephonic hearing is not a *per se* due process viola-

tion but may be a violation in a particular case, *see Sterling v. District of Columbia Dep't of Employment Servs.*, 513 A.2d 253, 255 & n. 2 (D.C.App.1986) (holding telephonic unemployment compensation hearing did not *per se* violate due process but did violate due process where hearing officer did not mention reason for his call and hung up on party's receptionist).

3. *See Amerada Hess Pipeline Corp. v. Alaska Pub. Utils. Comm'n*, 711 P.2d 1170, 1181 n. 22 (Alaska 1986) ("As a general rule, we will not consider arguments never raised before the trial court.... [T]his same rule should apply to arguments never presented to an agency whose decision is appealed." (footnote omitted)).

1. 20 P.3d 1130, Op. No. 5388, 2001 WL 366621 (Alaska, April 13, 2001).

must be case-specific. Nothing inherent about administrative driver's license-revocation proceedings invariably precludes hearing officers from conducting the hearings telephonically.

Considering the facts of this case, I also agree with Justice Carpeneti's case-specific conclusion that Brown did not inform the hearing officer of circumstances that required an in-person hearing. I therefore respectfully dissent from the court's opinion.