906 So.2d 1238 (2005)
Ivaline AUGUSTIN, Appellant,
v.
STATE of Florida UNEMPLOYMENT APPEALS COMMISSION and Devonshire Employment Services, Appellees.
No. 4D04-1270.
District Court of Appeal of Florida, Fourth District.
July 27, 2005.
*1239 Isidro M. Garcia of Garcia Law Firm, P.A., West Palm Beach, for appellant.
John D. Maher, Deputy General Counsel, Tallahassee, for appellee State of Florida Unemployment Appeals Commission.
GROSS, J.
We affirm the order of the Unemployment Appeals Commission that denied appellant benefits and affirmed the decision of the appeals referee. The referee's decision was based on a credibility determination which this court may not second guess in this appeal. See, e.g., Fink v. Fla. Unemployment Appeals Comm'n, 665 So.2d 373, 374 (Fla. 4th DCA 1996).
We write to address the employee's argument that she was denied due process because the hearing before the referee was conducted by phone.
Because the employee did not raise this objection at the time of the telephone hearing, the argument was not preserved for appellate review. See Anderson v. Sch. Bd. of Seminole County, 830 So.2d 952, 953 (Fla. 5th DCA 2002) (holding that any due process objections based on the notice and scheduling of a school board expulsion hearing were waived because they were not raised below).
While we may address an unpreserved error that is fundamental, no error occurred in this case, fundamental or otherwise. As argued by the Commission, the legislature delegated to the Commission the rule-making authority governing hearings before appeals referees. See § 443.151(4)(d), Fla. Stat. (2002). Pursuant to that power, the Commission promulgated a rule authorizing telephonic hearings. See Fla. Admin. Code R. 60BB-5.014. The first district has recognized that such telephonic hearings satisfy due process. See Greenberg v. Simms Merchant Police Serv., 410 So.2d 566, 567 (Fla. 1st DCA 1982). Courts from other states analyzing this issue have come to the same *1240 conclusion. E.g., Slattery v. Unemployment Ins. Appeals Bd., 60 Cal.App.3d 245, 131 Cal.Rptr. 422, 424-26 (1976); Baez v. State, Unemployment Act, 1994 WL 14551, at *1 (Conn.Super.Ct. Jan. 13, 1994); Babcock v. Employment Div., 72 Or.App. 486, 696 P.2d 19, 20-21 (1985); see generally Russell G. Donaldson, Propriety of Telephone Testimony or Hearings in Unemployment Compensation Proceedings, 90 A.L.R.4th 532 (1991).
Affirmed.
STONE and SHAHOOD, JJ., concur.