**Judith M. RICH, Guardian Ad Litem Services, Inc., Appellant,**

v.

**DENISE M. BERRY and ROBERT T. BERRY, Appellees.**

No. S–5057.

Supreme Court of Alaska.

Aug. 6, 1993.

Vincent P. Vitale, Anchorage, for appellant.

William T. Ford, Anchorage, for appellee, Robert T. Berry.

Allison E. Mendel, Anchorage, for appellee, Denise M. Berry.

Before MOORE, C.J., and RABINOWITZ, BURKE, MATTHEWS and COMPTON, JJ.

## OPINION

RABINOWITZ, Justice.

This appeal concerns a dispute regarding a non-attorney guardian ad litem's claim for attorney's fees and costs incurred in a prior appeal to this court.

## I. FACTS AND PRIOR PROCEEDINGS

Denise M. Berry and Robert T. (Tom) Berry married and had two children. Denise Berry subsequently filed a Complaint for Divorce. Custody of the two children was contested. In November of 1989, Denise and Tom Berry executed a "Stipulation for Appointment of a Guardian Ad Litem" which reads in part: "[The parties] hereby stipulate to the appointment of a guardian ad litem.... The parties have agreed that [Judith Rich] shall be appointed." Rich was not an attorney.

By order dated November 22, 1989, the superior court appointed Rich as guardian ad litem for the two children. Denise Berry and Tom Berry were divorced on September 14, 1990. The issues of child custody, support, and property division were reserved for a subsequent proceeding. On November 27, 1990, the superior court granted sole legal and physical custody of the children to Tom Berry. Its decree was based in part on Rich's recommendation.[1] In regard to the guardian ad litem, the superior court in its findings of fact stated:

The Guardian Ad Litem is discharged after all post-trial motions have been ruled on and time for appeal has expired. She should submit a final billing to the court and to TOM BERRY's counsel.

Denise Berry then appealed to this court from the Decree of Divorce. Her points on appeal included challenges to the role that Rich had played in the case and to the superior court's custody determination.

While the appeal was pending before this court Rich moved for an award of fees and costs to defend the superior court's child custody determination.[2] Rich noted in her affidavit in support of the motion that she had retained legal counsel to represent herself, and explained:

Since the basis of MS. BERRY's appeal is an attack on the role of the *Guardian Ad Litem* [sic], I retained legal counsel to represent the Guardian *Ad Litem* in the appellate proceedings. As the party in the trial proceedings who was charged with the duty to advocate for the best interests of the children, I can best defend the record on appeal as it supports this Court's child custody determination.

Also in her affidavit, Rich requested that the superior court declare Denise Berry and Tom Berry to be jointly and severally liable "for all legal fees and costs incurred on behalf of the Guardian *Ad Litem* in the superior court and in the Alaska Supreme Court," and that the superior court order Denise Berry and Tom Berry to establish a $5,000 "interim trust fund deposit" for such expenses.

Both Denise Berry and Tom Berry opposed Rich's motion. They argued that the children did not need independent representation in connection with the pending appeal to this court. Tom Berry noted that both he and Denise Berry were already incurring costs for their own independent counsel, and that they did not have the resources to pay for Rich's attorney. Additionally, Tom noted that his own attorney was capable of defending the superior court's custody determinations and evidentiary rulings. Denise Berry agreed with her ex-husband's position and observed: "The guardian, if she feels a personal or professional need to defend her actions in

---

1. Rich's total costs for the first trial were $9,975, all of which have been paid.

2. The full text of the motion was as follows: "COMES NOW JUDITH M. RICH, of Guardian Ad Litem Services, Inc., by and through her attorneys, the Law Offices of Janet D. Platt, and hereby moves this Court for an award of fees and costs for the court appointed Guardian *Ad Litem* to defend the child custody determination issued by this Court. This motion is supported by the attached memorandum, exhibits, and Affidavit of Judith M. Rich."

the court below, should be free to participate in the litigation at her own expense."

The superior court then entered an order granting what it termed the "Motion for An Award of Fees and Costs filed on behalf of the Guardian *Ad Litem.*" Its order stated that Ms. Berry and Mr. Berry would be jointly and severally liable "for all fees and costs incurred on behalf of the Guardian *Ad Litem* in the [sic] these superior court proceedings and in the Alaska Supreme Court proceedings...." The order further provided that the Berrys were each required to tender $750 to Guardian Ad Litem Services, Inc. by May 1, 1991.

On November 20, 1991, this court issued a Memorandum Opinion and Judgment noting that Denise Berry had waived her right to appeal any error in the guardian's role in the proceedings which were held before the superior court, that there was no evidence of plain error which would negate this waiver, and that the superior court's custody determination was not clearly erroneous. On the same day, Rich moved, pursuant to AS 25.24.310, to reduce to judgment $6,523.65 in attorney's costs and fees incurred in connection with the appeal.

In its Decision and Order on the guardian's motion for attorney's fees and costs, the superior court noted:

> The court's prior ruling that the parent's [sic] be liable for the Guardian Ad Litem's attorney fees is necessarily limited to reasonable fees. Further, this court considers it *unreasonable* for the guardian to exceed expenditures in the amount ordered deposited without seeking for that authority from the court. Consider, the standard in Admin.Rule 12.
>
> Therefore, it is hereby ordered that the Berry's [sic] are to pay the $750.00 apiece previously ordered in support of the Guardian Ad Litem's fees.

This appeal followed.[3]

## II. DISCUSSION

■ Alaska Statute 25.24.310(c) sets out the requirements for the appointment of a guardian ad litem. In relevant part the statute provides:

> [T]he court may, upon the motion of either party or upon its own motion, appoint an attorney or other person or the office of public advocacy to provide guardian ad litem services to a minor in any legal proceedings involving the minor's welfare. The court shall require a guardian ad litem when, in the opinion of the court, representation of the minor's best interests ... would serve the welfare of the minor. The court in its order appointing a guardian ad litem shall limit the duration of the appointment of the guardian ad litem to the pendency of the legal proceedings affecting the minor's interests, and shall outline the guardian ad litem's responsibilities and limit the authority to those matters related to the guardian's effective representation of the minor's best interests in the pending legal proceeding.... When custody, support, or visitation is at issue in a divorce, it is the responsibility of the parties or their counsel to notify the court that such a matter is at issue. Upon notification, the court shall determine if the minor's best interests need representation or if the minor needs other services and shall make a finding on the record before trial.

The statute contains the following procedural steps relevant to our disposition of this appeal:

(1) The parties or their counsel must notify the court if custody, support, or visitation is at issue,

(2) The court must then enter findings on the record as to whether the minor's best interests and welfare require the services of a guardian ad litem.

(3) In the event a guardian ad litem is appointed the court must outline the scope of the guardian's responsibilities which must be limited to the guard-

---

**3.** Rich lists one point on appeal: "That the trial court erred as a matter of fact and law in denying the Guardian *Ad Litem*'s request to enter a judgment against the Plaintiff and Defendant for attorney's fees and costs incurred and paid for by the Guardian *Ad Litem.*"

ian's effective representation of the minor's best interests.[4]

In our opinion the superior court failed to proceed in accordance with the requirements of AS 25.24.310(c) in regard to its implied appointment of Rich as guardian ad litem in the *Berry v. Berry* appeal to this court.[5] The most significant omission on the superior court's part was its failure to make a finding on the record that the minor children's best interest and welfare required the services of a guardian in connection with Denise Berry's appeal to this court.[6] The record is simply devoid of any articulated explanation as to why the superior court concluded it was necessary that Rich be appointed guardian ad litem to represent the children in the *Berry v. Berry* appeal. Furthermore, the parameters of Rich's responsibilities and authority in effectively representing the children's best interests in the appeal were never outlined by the superior court. Instead the court merely noted that the parents would be jointly and severally liable for all costs incurred on the guardian's behalf in both the superior court and supreme court proceedings.[7]

**4.** *Compare* Administrative Rule 12(c)(1) which provides:

> *Appointment Procedure.* When a person qualifies for counsel or guardian ad litem services under AS 44.21.410, the court shall appoint the office of public advocacy. The court in its order appointing the office of public advocacy must state the authority for the appointment. In the case of a discretionary appointment, the court must give specific reasons for the appointment. In the case of a guardian ad litem appointment, the court shall limit the appointment to the pendency of the proceedings affecting the child's welfare, shall outline the guardian ad litem's responsibilities, and shall limit the guardian's authority to those matters related to the guardian's effective representation of the minor's best interests.

**5.** As noted above the superior court's order of April 25, 1991 provided in part that the Berrys "shall be jointly and severally liable for all fees and costs incurred on behalf of the GAL in [these] superior court proceedings and in the *Alaska Supreme Court proceedings.*" (Emphasis supplied.)

**6.** A second separate appointment was necessary under the specific delineation of guardian duties provisions of AS 25.24.310(c), as well as under the express terms of the superior court's findings of fact in the divorce proceedings, which provided that Rich was discharged "after all post-trial motions have been ruled on and time for appeal has expired."

**7.** The procedural requirements of AS 25.24.310(c) are designed to ensure that careful consideration is given to the best interest and welfare of the child in the appointment of a guardian, and the delineation of the guardian's specific role. As noted previously, there is no record evidence that any such consideration of the relevant criteria was undertaken by the superior court, despite considerable evidence in the record indicating that the children's best interests and welfare did not require the appointment of a guardian in the *Berry v. Berry* appeal. This evidence consists in part of the following:

First, Tom Berry and Denise Berry were people of limited means. The court had knowledge of this fact, as it had recently ordered distribution of the marital estate. Both Tom Berry and Denise Berry had indicated to the superior court in their opposition to the motion for costs for Rich and her counsel to defend the appeal in *Berry v. Berry* that cost was a key concern. It has been observed that the guardian "must consider the broad best interests of the child ... the representative must keep in mind the long-term impact of his action on the child." 2 Jeff Atkinson, *Modern Child Custody Practice* § 13.02 (1986), at 697. Similarly, the superior court, in appointing a guardian, should have had in mind similar considerations, which would include the parents' ability to provide for their children once the legal proceedings were resolved. The obvious connection between ordering the parties to spend any more money, and their subsequent ability to care for the children should have been considered by the superior court.

Second, as Tom Berry observes, the children's interests in the appeal were aligned with those of their father. A proper consideration of the children's needs for representation in the first appeal should have revealed this fact. As we observed in *Veazey v. Veazey*, 560 P.2d 382 (Alaska 1977), "[T]here will be many custody cases in which a guardian will not be needed, and in such cases neither the statute, the court rules, nor our decisions compel the court to waste its time and money, as well as that of the parties and counsel, in employing one." *Id.* at 385. The superior court had followed the guardian's custodial recommendations, and accordingly, Tom Berry would be defending the guardian's custodial recommendations. Berry argues that in his opposition to Rich's motion for costs, he had observed that his own counsel necessarily would be defending the superior court's decision. The factual record already was developed fully.

In light of the foregoing we conclude that the superior court's April 5, 1991 order awarding fees to the guardian ad litem must be **VACATED.** The case is **REMANDED** for further proceedings in accordance with this opinion.