**Viveca L. HOWLETT, Appellant,**

v.

**Steven E. HOWLETT, Appellee.**

No. S–6523.

Supreme Court of Alaska.

March 10, 1995.

Phil N. Nash, Kenai, for appellant.

Allan Beiswenger, Robinson, Beiswenger & Ehrhardt, Soldotna, for appellee.

Before MOORE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and EASTAUGH, JJ.

## OPINION

PER CURIAM.

## I. INTRODUCTION

This case involves an order modifying child custody. It was entered without a hearing and was not accompanied by findings of fact or conclusions of law. We reverse.

## II. FACTS AND PROCEEDINGS

Steven Howlett and Viveca Stone (formerly Howlett) were divorced on May 5, 1992. The superior court awarded Viveca custody of the parties' three minor children, Jacob and Zachary, born December 14, 1975, and Hilary, born July 26, 1979.

On June 16, 1994, Steven filed a motion for modification of child custody and support, supported by a memorandum of law and an affidavit. Steven requested a custody modification regarding Hilary, age 14. In his affidavit, Steven stated that Hilary had moved into his home on June 1, and that Hilary intended to stay there until she reached the age of majority.

On July 1, Viveca sent a letter to the trial judge. She requested a thirty-day extension on the deadline for her response to Steven's motion. On July 12, Steven filed an opposition to the request. He claimed that Viveca only requested an extension so that she could postpone paying him child support.

On July 13, Viveca filed three documents with the court. First, Viveca filed a request for a hearing to decide "what is in the best interest of the child." Second, she filed a notice of representation, stating that she would be representing herself in all future proceedings regarding Hilary's custody. Third, Viveca filed a motion opposing Steven's motion for modification of child custody and support.

In her opposition, Viveca claimed that there had been no change of circumstances because Hilary had "established a pattern of periodically moving to her father's home for short periods of time only to return to live with her mother." She also claimed that it would be in Hilary's best interest to have a ninety-day cooling-off period to assess the situation. Viveca added that Hilary's medical deductible had been paid and that Hilary was "in no way a burden financially to either party at this time." Finally, Viveca proposed that the court assign someone to represent Hilary. Viveca suggested a counselor from Hilary's school, and attached the counselor's resume. Viveca signed the motion at the bottom. She attached neither a memorandum of law nor an affidavit.

On July 18, the court entered an order modifying the decree of divorce. The order, in its entirety, stated:

Upon motion by the Plaintiff,

IT IS HEREBY ORDERED that the *Decree of Divorce* entered in this case on May 5, 1992, is hereby modified and that the Plaintiff is awarded primary physical custody of the parties' remaining minor child, HILARY A. HOWLETT, date of birth July 26, 1979. The Defendant shall have custody at such reasonable times as agreed to by the parties, taking into consideration the desires and schedule of Hilary.

IT IS FURTHER ORDERED that Defendant shall pay child support in accordance with Alaska Civil Rule 90.3, in the amount of $305.28 per month commencing June 1, 1994.

## III. DISCUSSION

### A. Standard of Review

■ In custody cases, we will overturn the lower court's custody determination only when there is an abuse of discretion or there are clearly erroneous findings of fact. *Holl v. Holl,* 815 P.2d 379, 380 (Alaska 1991). "An abuse of discretion may be found where the trial court considered improper factors, failed to consider statutorily-mandated factors, or improperly weighed certain factors in making its determination." *Julsen v. Julsen,* 741 P.2d 642, 649 (Alaska 1987); *see also Epperson v. Epperson,* 835 P.2d 451 (Alaska 1992).

### B. Alaska Civil Rule 77 Requirements

Viveca's motion filed in opposition to Steven's motion for modification of child custody

and support did not comply with the requirements of Civil Rule 77(c)(1) and (2). These provisions of Rule 77 require that a party opposing a motion file all affidavits and other documentary evidence upon which the party intends to rely, together with a complete written statement of the reasons in opposition to the motion, within ten days after being served with the motion.

■ Viveca's failure to comply with Rule 77 did not justify the modification order. Failure to follow Rule 77's specific requirements does not relieve the superior court of its duty to exercise its independent judgment to determine if Steven's motion to modify child custody support should be granted. *Schandelmeier v. Winchester Western,* 520 P.2d 70, 75 (Alaska 1974) ("Civil Rule 77 does not mean that the court need not examine a motion and any supporting memorandum submitted by the moving party when there is defective opposition to the motion. A court should scrutinize both the motion and supporting memorandum in order to determine whether granting of the motion is warranted."); *see also State v. Johnson,* 525 P.2d 532, 534–35 (Alaska 1974). Accordingly, the superior court must still follow legal requirements for modifying custody.

## C. *Custody Modification Requirements*

Viveca contends that the court committed four errors: (1) it did not grant a hearing, although Viveca requested one; (2) it did not make any findings of fact and conclusions of law regarding a change in circumstances; (3) it did not make any findings of fact and conclusions of law regarding whether the change in custody was in Hilary's best interest; and (4) it did not rule on Viveca's request for a *guardian ad litem* to represent Hilary.

Steven contends that (1) a hearing was not required because Viveca did not contest that Hilary had moved to Steven's home; (2) findings of fact or conclusions of law regarding a change in circumstances were not needed because Hilary's move was a substantial change in circumstances; (3) Viveca did not contest that it was in Hilary's best interests

to live with Steve; and (4) Viveca failed to establish any issues that would require a *guardian ad litem* for Hilary.

■ The court erred in ruling on Steven's motion without a hearing. "[U]nder Alaska law parties in a custody proceeding have a right to an adequate hearing, 'which grants them the opportunity to present the quantum of evidence needed to make an informed and principled determination.'" *T.M.C. v. S.A.C.,* 858 P.2d 315 (Alaska 1993) (quoting *Cushing v. Painter,* 666 P.2d 1044, 1046 (Alaska 1983)). In this case, Viveca received no hearing.

■ The court also erred in not making any findings of fact and conclusions of law regarding whether there was a change in circumstances and whether a custody change was in Hilary's best interest. Alaska Statute 25.20.110(a) states:

> An award of custody of a child … may be modified if the court determines that a change in circumstances requires the modification of the award and the modification is in the best interests of the child. If a parent opposes the modification of the award of custody … and the modification is granted, the court shall enter on the record its reason for the modification.

It is reversible error for a judge to modify custody without making findings regarding the change in circumstances and the best interests of the child. *See Lee v. Cox,* 790 P.2d 1359, 1362 (Alaska 1990) ("In light of the trial court's failure to render findings concerning the impact of this important change on the child's best interests, we are unable to adequately evaluate the correctness of the court's decision to modify the custody decree."). In this case, the court expressed no reasons for the modification.

■ Finally, the court erred in not making a finding concerning whether appointing a *guardian ad litem* was in Hilary's best interests. Alaska Statute 25.24.310(c) requires that a court appoint a *guardian ad litem* "when, in the opinion of the court, representation of the child's best interests … would serve the welfare of the child." In cases involving custody, support or visitation, AS

25.24.310(c) calls for the court to make "a finding on the record before trial" as to whether a minor needs representation. It is error for a trial judge to fail to make findings on the record explaining its decision concerning appointment of a *guardian ad litem*. *See Rich v. Berry*, 857 P.2d 341, 343–44 (Alaska 1993). No such finding appears in this case's record.

## IV. CONCLUSION

The superior court's order modifying custody and awarding child support is VACATED. This case is REMANDED for a hearing on the merits. Before holding the hearing, the trial court should determine whether or not it would be in Hilary's best interest to have a *guardian ad litem* represent her and make appropriate record findings. At the conclusion of the hearing the trial court should enter findings of fact and conclusions of law which support its determination.