David L. HERNANDEZ, Appellant,

v.

Kimberley A. FREEMAN, Appellee.

No. S–7739.

Supreme Court of Alaska.

May 23, 1997.

Liam J. Moran, Moran & Sarafin, P.C., Anchorage, for Appellant.

Alan J. Hooper, Law Office of Alan J. Hooper, Fairbanks, for Appellee.

Before COMPTON, C.J., and MATTHEWS, EASTAUGH, FABE and BRYNER, JJ.

## OPINION

FABE, Justice.

### I. INTRODUCTION

This is an appeal from the superior court's order, granting an opposed motion to modify a child custody, support, and visitation order. We vacate the order and remand for a hearing on the motion.

### II. FACTS AND PROCEEDINGS

When David Hernandez and Kimberley Freeman divorced in May 1991, they agreed that Hernandez would have primary legal and physical custody of their son, Brandon Lee Hernandez. The superior court modified this arrangement in September 1994 so that Freeman and Hernandez shared legal custody of Brandon. In March 1996, the court again modified its custody order to provide for visitation in Freeman's home state.

On April 19, 1996, Freeman filed a motion requesting primary physical custody of Brandon. She supported this motion with a mem-

orandum and an affidavit. She alleged that Hernandez was "constantly trying to impede" her relationship with Brandon, and that "circumstances ha[d] changed" since the dissolution of the marriage and the 1994 order. She also stated that she was "concerned with the lack of stability in Mr. Hernandez's life."

Hernandez responded on April 24, 1996, with a letter stating that he was "opposed to any changes" in the child custody order and that he was "financially unable at this time" to retain an attorney. He requested a "minimum" of ninety days to give him "the opportunity to be represented by an experienced [a]ttorney and allow him/her the chance to research and prepare in such a complex matter."

On May 7, 1996, the superior court, without holding a hearing, granted Freeman's motion. The court's order provided Hernandez with six weeks of summer visitation every year and one week of Christmas visitation in alternating years. It also provided that Hernandez would be responsible for all costs of visitation and for child support as determined by the Child Support Enforcement Division. The order did not contain any findings of fact or conclusions of law. Hernandez appeals.

### III. *DISCUSSION* [1]

Hernandez argues that the court abused its discretion by granting Freeman's motion without giving him the opportunity for a hearing. In *Howlett v. Howlett*, 890 P.2d 1125 (Alaska 1995), we held that the superior court

> erred in ruling on [a father's motion to modify a child custody order] without a hearing. "[U]nder Alaska law parties in a custody proceeding have a right to an adequate hearing, 'which grants them the opportunity to present the quantum of evidence needed to make an informed and principled determination.'" *T.M.C. v. S.A.C.*, 858 P.2d 315 (Alaska 1993) (quoting *Cushing v. Painter*, 666 P.2d 1044, 1046 (Alaska 1983)).

*Id.* at 1127. Therefore, under *Howlett*, Hernandez had a right to a hearing before the court ruled on Freeman's motion to modify the child custody order.

Freeman cites *Carter v. Brodrick*, 816 P.2d 202, 204 (Alaska 1991), to support her argument that the "right to a hearing in a child custody modification is not absolute." *Carter*, however, stands for the limited proposition that the trial court need not hold a hearing "'if it is plain that the facts alleged in the moving papers, even if established, would not warrant a change.'" *Carter*, 816 P.2d at 204 (quoting *Deivert v. Oseira*, 628 P.2d 575, 578 (Alaska 1981)). This rule is inapplicable to a case such as this one, in which the trial court granted rather than denied an opposed motion to modify a child custody order.

Freeman also argues that Hernandez waived his right to a hearing by failing to comply with Alaska Civil Rule 77(e). Rule 77(e) provides in relevant part: "If either party desires oral argument on the motion, that party shall file a notice of hearing within five days after service of a responsive pleading or the time limit for filing such a responsive pleading, whichever is earlier."

Hernandez notified the court that he opposed the motion and needed additional time to find an attorney. The trial court did not respond to this request, failing either to grant Hernandez a continuance to prepare his opposition to the motion or to inform him of the deadline for doing so. This failure deprived Hernandez of the opportunity to contest fully Freeman's motion, including the right to decide, with the assistance of counsel, whether he wanted to request a hearing.

### IV. *CONCLUSION*

We hold that the trial court abused its discretion by granting Freeman's motion to modify the child custody order without a hearing despite Hernandez's opposition and request for additional time to find an attor-

---

**1.** This court overturns the superior court's child custody determinations only when there is an abuse of discretion or there are clearly erroneous findings of fact. *Howlett v. Howlett*, 890 P.2d 1125, 1126 (Alaska 1995).

ney.[2] We therefore VACATE the trial court's order and REMAND for further proceedings consistent with this opinion.

**2.** Hernandez also argues that the superior court erred by failing to make findings on the record that a change in circumstances required modification of the order and that the modification was in the best interests of the child. While this argument may provide an independent basis for our decision, *see Howlett,* 890 P.2d at 1127 (stating that "[i]t is reversible error for a judge to modify custody without making findings regarding the change in circumstances and the best interests of the child"), we need not reach it in light of our disposition of this case.