**Bethany Ann WALKER, Appellant,**

v.

**Dwayne Paul WALKER, Appellee.**

No. S–8319.

Supreme Court of Alaska.

July 2, 1998.

David R. Edgren, Robertson, Edgren & Christensen, LLC, Anchorage, for Appellant.

Alan J. Hooper, Law Office of Alan J. Hooper, Fairbanks, for Appellee.

Before MATTHEWS, C.J., and COMPTON, EASTAUGH, FABE and BRYNER, JJ.

FABE, Justice.

## I. INTRODUCTION

This appeal presents the question whether the superior court may grant an opposed motion to modify custody without first conducting an evidentiary hearing. Bethany Ann and Dwayne Walker had two children during their marriage. Although Bethany insisted in an affidavit to the court that her agreement to allow their children to live with Dwayne was intended for the school year only, the trial court granted Dwayne's motion for permanent custody without resolving this factual dispute. Because Bethany was not given a full opportunity to be heard on the motion, we reverse.

## II. FACTS AND PROCEEDINGS

When Bethany and Dwayne were divorced in Muscogee County, Georgia in 1991, the court's decree incorporated their agreement that Bethany would have custody of both children and that Dwayne would retain the right to reasonable visitation at mutually agreeable times. The agreement also required Dwayne to pay Bethany $400 a month in child support.

After the divorce, Bethany moved to Tennessee and Dwayne, who is in the military, relocated to Fort Wainwright, Alaska. Five years later, Bethany and Dwayne signed a modified custody agreement, stating their purpose that the children "have a stable environment for the 1996–1997 school year." The new agreement gave Dwayne physical custody, suspended his child support obligation, and granted Bethany reasonable visitation in Alaska. Although this agreement was signed and notarized, it was never submitted to the Muscogee County Court. In September 1996 the children moved to Alaska to live with Dwayne and his new wife at Fort Wainwright.

At the end of the 1996–97 school year, Dwayne filed a motion to modify custody in the Fairbanks Superior Court. In the motion, Dwayne sought primary physical custody of the children on the basis that Bethany had voluntarily relinquished custody to him. Dwayne also claimed that Bethany was abus-

ing narcotics and moving so often that she deprived the children of a stable lifestyle. Dwayne alleged that the children sometimes lived with Bethany's parents, and attached a letter from them apologizing for Bethany's behavior and supporting the transfer of custody to Dwayne.

Bethany responded to Dwayne's motion by filing an affidavit that contested Dwayne's allegations about her behavior and explained that their agreement to change custody had been intended only for the school year. Bethany informed the court that her situation had improved, that she was furthering her education, and that she was able to provide a stable home for the children. Finally, she communicated her wish to be notified of all further developments in the case and requested a continuance so that she could obtain counsel.

The superior court entered an order extending the time Bethany had "to file any supplemental opposition" until August 11, 1997. But instead of mailing the order to Bethany at the address provided by Bethany in her affidavit, the superior court sent it to the address listed by Dwayne's attorney in his pleadings. Because Bethany no longer lived at the address furnished by Dwayne, the court's order did not reach her true address in time for her to file a supplemental opposition by August 11, 1997.

Two days after the deadline for supplemental opposition, the superior court entered an order modifying the Georgia divorce decree. The order gave Dwayne legal and physical custody and Bethany rights of reasonable visitation. Bethany was also ordered to pay child support to Dwayne. The superior court again sent the child custody and support order to the wrong address, and Bethany apparently received it after the time for reconsideration had expired. Bethany appeals.

## III. DISCUSSION

### A. Standard of Review

In *Lashbrook v. Lashbrook,*[1] we observed that "the notice and hearing afforded a litigant in child custody proceedings in-

1. 957 P.2d 326, 328 (Alaska 1998).

volves due process considerations." A constitutional issue presents a question of law, and we review such an issue *de novo*, applying our independent judgment.[2]

B. *The Superior Court Erred in Granting Dwayne's Motion to Modify the Child Custody and Support Decree without First Conducting an Evidentiary Hearing.*

■ Bethany argues that, because she opposed Dwayne's motion to modify and disputed many of his factual assertions, the superior court erred in ruling on Dwayne's motion without an evidentiary hearing. Alternatively, Bethany argues that the superior court committed reversible error by modifying custody without making any finding on the best interests of the children. Dwayne claims that, because Bethany failed to supplement her opposition when given the chance, the trial court's decision to grant the motion without a hearing was appropriate.

■ "Procedural due process under the Alaska Constitution requires 'notice and opportunity for hearing appropriate to the nature of the case.'"[3] We have repeatedly held that "[a] party opposing a motion to modify child custody has the right to a hearing before the superior court grants the motion."[4] A hearing is required in order to give the parties an "opportunity to present the quantum of evidence needed [for the court] to make an informed and principled determination."[5] We therefore agree with Bethany that the superior court erred when it modified the custody and support decree without first conducting an evidentiary hearing.

■ We are not persuaded by Dwayne's argument that the superior court's choice to forego a hearing was justified by Bethany's failure to supplement her opposition. The superior court is not permitted to grant an opposed motion to modify custody without holding a hearing, and Bethany's affidavit squarely contested both Dwayne's allegation of unfit conduct and his interpretation of their agreement. Once Bethany had opposed the motion, she was not obligated to present any further opposition to the court in order to earn a right to an evidentiary hearing.

The procedural posture of this case is similar to that of *Hernandez v. Freeman.*[6] There, the superior court granted the moving parent's child custody motion without responding to the opposing parent's letter contesting the motion and requesting an extension of time to secure counsel and properly respond. We held that the superior court abused its discretion. Accordingly, we remanded for an evidentiary hearing to determine whether the proposed modification would be in the best interests of the children.[7] Although Bethany failed to make a formal request for a hearing under Alaska Rule of Civil Procedure 77(e), she never heard from the trial court on her request for a continuance to obtain counsel. Because the superior court failed to mail its order setting a new response date to the address identified in Bethany's affidavit, Bethany was never aware of the need to request a hearing.[8] Moreover, the trial court was obliged to exercise its independent judgment in determining what would be in the best interests of the children.[9] The trial court could not accomplish this task without first resolving the parties' factual disputes in a hearing.

In sum, the trial court erred in failing to hold an evidentiary hearing before ruling on this opposed motion to modify custody. Because we reverse the trial court's decision

2. *See id.*

3. *Wright v. Black*, 856 P.2d 477, 480 (Alaska 1993) (quoting *Aguchak v. Montgomery Ward Co.*, 520 P.2d 1352, 1356 (Alaska 1974)).

4. *Lashbrook*, 957 P.2d at 328; *Hernandez v. Freeman*, 938 P.2d 1017, 1018 (Alaska 1997); *Howlett v. Howlett*, 890 P.2d 1125, 1127 (Alaska 1995).

5. *Howlett*, 890 P.2d at 1127 (citations and quotations omitted).

6. 938 P.2d at 1017–19.

7. *See id.* at 1018–19.

8. *See id.* at 1018.

9. *See Howlett*, 890 P.2d at 1127; AS 25.20.110(a).

and remand to allow it to consider additional evidence, we need not address the adequacy of its findings regarding the best interests of the children.

## IV. CONCLUSION

The superior court erred in granting Dwayne's motion for child custody and support modification without affording Bethany a full opportunity to oppose and be heard on the motion. We VACATE the superior court's order and REMAND for further proceedings consistent with this opinion.