event that such product fails to meet the specifications set forth in the undertaking." [45] Because Catalina's limited warranty to the Pierces falls within this definition, we conclude that on remand they will be entitled to an award of attorney's fees under the Magnuson–Moss Act.

## IV. *CONCLUSION*

CARPENETI, Justice, not participating.

**A.H., Appellant,**

v.

**P.B., Appellee.**

**No. S–9095.**

Supreme Court of Alaska.

May 26, 2000.

45.  15 U.S.C. § 2301(6)(B).

A.H., pro se, Florence, Arizona.

Before MATTHEWS, Chief Justice, EASTAUGH, FABE, BRYNER, and CARPENETI, Justices.

## OPINION

PER CURIAM.

1. A.H. and P.B. had a son, born in 1993. In 1997 the superior court awarded sole legal custody and primary physical custody of the child to P.B. and visitation to A.H. Several months later A.H.'s probation for a prior felony conviction was revoked and he was incarcerated. By order of May 12, 1998, A.H. was given telephonic visitation with his son twice a month. In late 1998, asserting that he had experienced problems in exercising his telephonic visitation, A.H. moved to enforce his visitation rights. By letter of February 15, 1999, P.B. asked the court to reduce A.H.'s visitation to once a month; she based her request on her allegations that A.H. had missed several telephonic visits and was not writing to his child. A.H. opposed P.B.'s informal request to reduce his visitation. A.H.'s opposition explained that he had logistical problems in making telephone calls from his place of incarceration and that P.B. had thwarted his ability to telephone his son. On March 4, 1999, the superior court, without conducting a hearing, entered an order granting P.B.'s request and reducing A.H.'s telephonic visits to once a month. The order does not state any reason for granting P.B.'s request. A.H. sought reconsideration of the March 4, 1999 order and asserted that evidence supported his allegations that it was not his fault his attempts to telephone his son had been unsuccessful. The court denied A.H.'s reconsideration motion, stating that the court was not convinced that one telephonic visit per month was "insufficient," given that A.H. could supplement his communication with his son by writing letters.

2. We vacate the order of March 4, 1999, for two reasons. First, it contains no findings that a reduction of visitation was in the child's best interest.[1] Second, the reduction was ordered without giving A.H. an opportunity to be heard. When a superior court is asked to make a material and substantial change to a visitation arrangement, it should not do so without permitting all parties to be heard, at least telephonically.[2]

3. A.H. also argues on appeal that it was error not to grant A.H.'s December 7, 1998 motion for recusal. The superior court did not reach the merits of A.H.'s recusal motion because the court believed A.H. had not served a copy of the motion on P.B. The record, however, contains A.H.'s original December 7, 1998 certificate of service which was apparently filed with the recusal motion. Upon remand, the superior court must first consider the recusal motion. If there is any lingering question about whether it was actually served on P.B., P.B. should be given an opportunity to oppose the motion.

4. A.H. also implies that the superior court exhibited partiality to P.B. by accepting ex parte communications from P.B., and by functioning as P.B.'s "personal secretary" when it forwarded to A.H. copies of P.B.'s ex parte communications. The record does not establish that the court acted inappropriately in this regard. Both parties, one who appeared pro se at all times, and the other who appeared pro se after her attorney withdrew in 1997, besieged the superior court with communications expressly, and sometimes impliedly, seeking relief of various sorts. Some of these communications were ex parte, or were not accompanied by proof of service. The Alaska Code of Judicial Conduct prohibits a judge from initiating, permitting, or considering ex parte communications in pending or impending matters.[3] Dealing with pro se litigants who are unable

---

1. *See* AS 25.20.110(a).

2. *Cf. Walker v. Walker,* 960 P.2d 620, 622 (Alaska 1998); *Hernandez v. Freeman,* 938 P.2d 1017, 1018 (Alaska 1997). Our ruling extends to cases involving material and substantial changes in visitation orders. We do not suggest that hearings must be held upon request in all cases involving visitation disputes. The controversy here did not deal with the minutiae of a detailed visitation arrangement; rather, the superior court's order cut A.H.'s visitation in half.

3. *See* Alaska Code of Jud. Cond., Canon 3(B)(7).

or unwilling to follow service requirements and procedural formalities can be problematic. Even pro se litigants should be instructed to avoid ex parte communications and to submit certificates of service. Ultimately, ex parte communications should not be accepted for filing unless service has been made by the filing party, or unless the court makes service itself. Here the superior court appears to have attempted to follow this practice consistently. Any possible lapses were few, and do not demonstrate any bias against A.H.

■ 5. Equally problematic is the ambiguity of informal requests for relief, such as the February 15, 1999, letter P.B. sent to the superior court in this case. A.H. treated this letter as a request for relief, and filed an opposition. The best practice is for a trial court, if it intends to give consideration to such a request, to indicate that it is treating the request as a motion for relief. Other parties may then respond as necessary without wondering whether the court has simply accepted the communication for filing and intends not to act on it absent further notice.

6. The precise issue raised by A.H. in this appeal, whether it was error to reduce his telephonic visitation, may actually be moot. The record contains Michael Stark's affidavit, in which Stark stated that A.H. was subject to a mandatory prison release date of March 4, 2000. It is therefore possible that A.H. is no longer in custody and that he is no longer limited to telephonic visitation.

7. For these reasons, we VACATE the March 4, 1999 order modifying visitation and REMAND for further proceedings.

CARPENETI, Justice, dissenting.

While I do not necessarily disagree with the rule that material and substantial changes to visitation arrangements require a hearing, I believe that this is an inappropriate case in which to formulate such a rule. We have not previously decided in what circumstances trial courts must hold an evidentiary hearing before a change in visitation can be ordered, and I believe we should not do so in this case for two reasons: the case is moot and the briefing is inadequate. In these circumstances, we should not formulate an important new rule.

This case is moot because, as the court notes, an assistant attorney general has notified us that A.H. was subject to a mandatory prison release date of March 4, 2000. The case is inappropriate for the formation of a new rule also because we have received almost no assistance from the briefing in this case. A.H., who was incarcerated out of state when he prepared his brief, appears *pro se;* P.B., who apparently is also not represented by counsel at this point, has not even filed a brief with this court. As a result, we have heard from only one side, and even that presentation was less than optimal.

Under these circumstances, I would decline to formulate an important new rule.