**John EVANS, Sr., Sophia Evans, and John Evans, Jr., Petitioners,**

v.

**NATIVE VILLAGE OF SELAWIK IRA COUNCIL, Fred Davis and Doris Davis, and Kathleen Greist, Respondents.**

No. S–10646.

Supreme Court of Alaska.

Feb. 28, 2003.

Kneeland Taylor, Anchorage, for Petitioners.

---

**32.** *Id.*

**33.** *Id.*

Aaron M. Schutt, James E. Torgerson, Heller, Ehrman, White & McAuliffe, LLP, Anchorage, for Respondent Native Village of Selawik IRA Council.

Russell A. LaVigne, Jr., Alaska Legal Services Corp., Kotzebue, for Respondents Fred and Doris Davis.

Chris Provost, Assistant Public Advocate, Brant McGee, Public Advocate, Anchorage, for Respondent Kathleen Greist.

Christine S. Schleuss, Suddock & Schleuss, Anchorage, for K.D.

Ethan G. Schutt, Julie L. Webb, Tanana Chiefs Conference, Inc., Fairbanks, for Amicus Curiae Tanana Chiefs Conference, Inc.

Donald Craig Mitchell, Anchorage, for Amicus Curiae Legislative Council of the Alaska State Legislature.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

*OPINION*

PER CURIAM.

K.D. was born on October 8, 1998. His parents, John Evans, Jr., and Kathleen Greist, were not married. Greist is a member of the Native Village of Selawik; Evans is a member of the Native Village of Kotzebue. Greist gave K.D. to Doris and Fred Davis immediately after he was born. The Davises are also members of the Native Village of Selawik and Greist's intent was to accomplish a cultural adoption.[1]

According to Evans, he visited K.D. a few times.[2] On other occasions Evans made efforts to contact K.D. through the Davises; these efforts were rebuffed. From March 14, 1999, until November 1, 1999, Evans was incarcerated.

On November 23, 1999, Evans filed the present action seeking a determination of paternity, an order establishing his custody rights, and an award of primary custody to his parents. On January 15, 2000, the Davises allowed Evans and his parents to take K.D. for the afternoon. For reasons that are contested, they did not return him. In response, the Davises obtained a restraining order against Evans on January 20, 2000. Four days later, on January 24, 2000, the Native Village of Selawik passed a resolution at the Davises' request recognizing the adoption of K.D. by the Davises and requesting that the state issue a new birth certificate reflecting the adoption. Evans received no notice of the pendency of the adoption resolution.

Evans's parents, John Evans, Sr., and Sophia Evans, intervened as plaintiffs and the Native Village of Selawik intervened as a defendant in this action. The Evanses moved for partial summary judgment seeking an order declaring that Selawik's resolution of adoption would not be recognized. Selawik cross-moved for partial summary judgment, seeking a declaration that the adoption resolution was entitled to recognition under comity principles. The superior court ruled that Selawik's resolution could not be given effect if it was issued in violation of Evans's due process rights, but that Evans's due process rights were not violated by the January 24 resolution because he had failed to take timely action to protect his rights.

The Evanses petitioned for review from the superior court's order. We granted review, limited to the issue of whether the adoption resolution was issued in violation of Evans's constitutional right to due process. Having considered the parties' briefs and oral argument, we conclude that Evans's due process rights were violated and that it would therefore be error to afford comity to the adoption resolution.

---

1. Adoptions under tribal custom are recognized by the State Bureau of Vital Statistics when standards defined by a departmental regulation are met. *See* 7 AAC 05.700; *Hernandez v. Lambert*, 951 P.2d 436, 441 (Alaska 1998). A parent's assertion of custody is a disqualifying condition under the regulation. *See* 7 AAC 05.700(b)(3)(B).

2. The exact number of visits are contested, but the Davises acknowledge visits on October 12, 1998, November 9, 1999, and November 10, 1999.

Notice to an unwed father of the proposed adoption of his child is required by statute[3] and by the adoption rules.[4] This notice is required regardless of whether the father has taken actions that assert his parental rights and responsibilities.[5] The statutory and rule requirement of notice is constitutionally based. We have recognized that the "interest of a parent whose parental rights may be terminated via an adoption petition is of the highest magnitude,"[6] and that notice and an opportunity to be heard are essential elements of due process under the Alaska Constitution.[7] While it is possible that an unwed father may by inaction with respect to his child over a lengthy period waive his constitutionally protected right to notice of the child's adoption, there is not in this case either inactivity or a sufficiently long time period that could justify a waiver. When Selawik issued its adoption resolution Evans had already filed suit seeking an order adjudicating his paternity and custody rights and placing K.D. with his parents. Before he filed suit he had visited with the child on a few occasions and unsuccessfully sought visitation on others.

In *John v. Baker* we held that certain tribal court judgments would be entitled to recognition in Alaska courts under principles of comity.[8] We stated that "state courts should afford no comity to proceedings in which any litigant is denied due process" and we stressed that essential to due process was "whether the parties received notice of the proceedings and whether they were granted a full and fair opportunity to be heard before an impartial tribunal that conducted the proceedings in a regular fashion."[9] Because Selawik did not provide Evans with notice prior to the resolution of adoption, Evans has been denied due process and the resolution is not entitled to comity recognition.

We therefore remand this case to the superior court with instructions to adjudicate the claims of the parties relating to the custody and visitation of K.D. The court should not afford comity to the resolution recognizing the attempted cultural adoption, rather the adjudication must be made in light of the facts concerning the best interests of the child as they currently exist. The adjudication must be made under Alaska law,[10] and to the extent that the parties seeking custody are not the parents of K.D., under the Indian Child Welfare Act.[11]

For the reasons stated the order of the superior court on cross-motions for summary judgment is REVERSED and this case is REMANDED for further proceedings in accordance with this opinion.

---

3. AS 25.23.100(a)(3).

4. Alaska Adoption Rule 10.

5. *See* AS 25.23.100(a)(2) and (3); AS 25.23.040(a)(2); AS 25.23.050.

6. *In re K.L.J.*, 813 P.2d 276, 279 (Alaska 1991).

7. *City of North Pole v. Zabek*, 934 P.2d 1292, 1297 (Alaska 1997); *Walker v. Walker*, 960 P.2d 620, 622 (Alaska 1998).

8. 982 P.2d 738, 763 (Alaska 1999).

9. *Id.*

10. *See, e.g.,* AS 25.20.060; *Turner v. Pannick*, 540 P.2d 1051 (Alaska 1975).

11. 25 U.S.C. § 1901 *et seq.*; *John v. Baker*, 982 P.2d at 747 (ICWA does not apply to custody disputes between unmarried parents).