**Darlis L. ELLIOTT, Appellant,**

v.

**Nathan W. ELLIOTT, Appellee.**

**No. S–11944.**

Supreme Court of Alaska.

Feb. 17, 2006.

---

Herbert M. Pearce, Law Office of Herbert M. Pearce, Anchorage, for Appellant.

No brief filed by Appellee.

Before: BRYNER, Chief Justice, MATTHEWS, EASTAUGH, FABE, and CARPENETI, Justices.

## OPINION

MATTHEWS, Justice.

### I. INTRODUCTION

In this case the superior court modified a child custody arrangement between Darlis and Nathan Elliott without holding a hearing and without making any factual findings. Because this type of modification requires both a hearing and findings of fact, we reverse.

### II. FACTS AND PROCEEDINGS

Darlis and Nathan Elliott were married for almost ten years. Two children, Jordan and Kathleen, resulted from the marriage. The parties divorced in late 2000 and initially agreed that Nathan would receive full legal and physical custody of the children. Instead of setting out a specific visitation schedule at the time of the divorce, the parties checked the box on the form petition for dissolution that states "[w]e do not want to state specific visitation times here. We agree that we will be able to amicably decide in the future on reasonable visitation times." What happened next must be pieced together from the parties' moving papers and affidavits. The facts are disputed where noted.

According to Nathan, for several years following the divorce Darlis visited with the children on alternating weekends. He claims that Darlis set this schedule and he never objected. That schedule changed in 2004 when Nathan says he agreed to a temporary arrangement that allowed the children to spend alternating weeks with Darlis. After some time, Nathan claims to have found the weekly visitation arrangement harmful to the children and proposed to Darlis a return to the initial alternate weekend schedule with the addition of every Friday night. Darlis rejected that proposal.

Darlis's affidavit states that she had "frequent and unhampered" access to Jordan and Kathleen for an unspecified period of time following the divorce. She makes no mention of a specific alternate weekend visitation arrangement. Darlis claims that in late 2002 she began to have difficulty contacting Nathan and the children. She does not indicate with more specificity how that difficulty impacted her visitation schedule with the children. Darlis's account is consistent with Nathan's in that she acknowledges participating in an alternating week visitation arrangement beginning and ending in 2004. She claims that this arrangement lasted from June to November.

Darlis moved for a modification of child custody and support pursuant to AS 25.20.110(a) after she claimed that Nathan unilaterally ended the alternating week visitation schedule. She urged the superior court to order a visitation schedule reflecting that which the parties operated under from June to November 2004 and requested a hearing. Nathan opposed the motion. He requested a visitation schedule that provided for Jordan and Kathleen to spend alternate weekends, one half of the major holidays, and one month each summer with Darlis. The superior court denied Darlis's motion and ordered the visitation schedule proposed by Nathan. It did so without holding a hearing or making any factual findings. The superior court denied Darlis's motion for reconsideration and this appeal followed.

### III. DISCUSSION

Darlis claims error in the superior court's failure to hold a hearing and its lack of findings. She is correct on both points.

#### A. Hearing Requirement

■ Darlis claims that the superior court was required to hold an evidentiary hearing before modifying the custody arrangement. Alaska Statute 25.20.110(a) provides that child custody "may be modified if the court determines that a change in circumstances requires the modification ... and the modification is in the best interests of the child." While the text of this statute does not specifi-

cally require a hearing, we have held that it is improper for a court to make custodial modifications without holding an evidentiary hearing.[1] Procedural due process considerations underlie the hearing requirement. More specifically, a "hearing is required in order to give the parties an 'opportunity to present the quantum of evidence needed [for the court] to make an informed and principled determination.' "[2]

An exception to the rule that a custody modification must be preceded by a hearing hinges on the degree of the modification. "[W]hen a motion to modify seeks only a scheduling change or a similar insubstantial alteration to custody or visitation, the [superior] court may act without an evidentiary hearing assuming there are no factual conflicts that require resolution."[3] Therefore, a court may escape the hearing requirement when it modifies a custody arrangement if that modification is sufficiently minor.[4]

Here the facts fit squarely into the rule requiring a hearing. While the superior court denied Darlis's motion to modify, it modified the custody arrangement between the parties nonetheless.[5] Where once the parties simply had an agreement to agree on a visitation schedule, they now have a court-ordered schedule to which they are bound. That modification was not insignificant. In fact, it reflected the first visitation determination made by the court. That aspect alone is enough to require an evidentiary hearing.[6] For example, in *D.D. v. L.A.H.*, the parties initially agreed on a visitation arrangement that would last until their son entered school. As the child prepared to start school some years later, the parents each moved to modify the voluntary custody arrangement and the court granted the husband's motion without holding a hearing.[7] The superior court's action technically modified custody. In substance, though, it made its first custody determination in the matter.[8] On appeal, we noted the difference between an initial custody determination and the type of scheduling change or other insignificant alteration to custody that may be made without a hearing before concluding that making an initial determination in the absence of a hearing was reversible error.[9] Here too, if the parties initially operated under a visitation agreement at all, it was not court ordered. Therefore, the court's modification order is plainly an initial custody determination that called for a hearing.[10]

### B. Findings Requirement

Darlis claims that the superior court also erred insofar as it modified the child custody arrangement without making any factual findings. Alaska Statute 25.20.110(a) provides that "[i]f a parent opposes the modification of the award of custody or visitation with the child and the modification is granted, the court shall enter on the record its reason for the modification." We have held that "[i]t is reversible error for a judge to modify custody without making findings regarding the change in circumstances and the best interests of the child."[11]

---

1. See, e.g., *D.D. v. L.A.H.*, 27 P.3d 757, 759 (Alaska 2001); *Walker v. Walker*, 960 P.2d 620, 622 (Alaska 1998) (impermissible for superior court to grant opposed motion to modify custody without holding a hearing).

2. *Walker*, 960 P.2d at 622 (quoting *Howlett v. Howlett*, 890 P.2d 1125, 1127 (Alaska 1995) (alteration in original)).

3. *D.D.*, 27 P.3d at 760; *see also A.H. v. P.B.*, 2 P.3d 627, 628 n. 2 (Alaska 2000) (suggesting that a hearing is not required when a modification deals only with the minutiae of a visitation arrangement).

4. *D.D.*, 27 P.3d at 760.

5. Additionally, Nathan's opposition to Darlis's motion is best taken as a cross-motion for modifi-

cation because in it he requested the specific visitation schedule that the court eventually ordered. In this sense, the superior court's action can be more simply characterized as the grant of an opposed cross-motion for modification.

6. See *D.D.*, 27 P.3d at 760.

7. *Id.* at 758–759.

8. *Id.* at 760.

9. *Id.*

10. *See id.*

11. *Howlett*, 890 P.2d at 1127; *see, e.g., Lee v. Cox*, 790 P.2d 1359, 1362 (Alaska 1990).

Here the court modified the custody arrangement by ordering a specific visitation schedule, yet no factual findings accompanied the order. This too constitutes error.[12]

## IV. CONCLUSION

Because it was error to modify custody without holding a hearing and entering any factual findings, we VACATE the modification order and REMAND this case for further proceedings.