*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| FRANK GRISWOLD, | ) | |
| | ) | Supreme Court No. S-16660 |
| Appellant, | ) | |
| | ) | Superior Court No. 3HO-15-00021 CI |
| v. | ) | |
| | ) | O P I N I O N |
| HOMER BOARD OF ADJUSTMENT, | ) | |
| RICK ABBOUD, JOSE RAMOS, | ) | No.7295 – September 14, 2018 |
| and KENTON BLOOM, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Homer, Carl Bauman, Judge.

Appearances: Frank Griswold, pro se, Homer, Appellant. Holly C. Wells and Thomas F. Klinkner, Birch Horton Bittner & Cherot, Anchorage, for Appellees Homer Board of Adjustment and Rick Abboud. No appearance by Appellees Jose Ramos and Kenton Bloom.

Before: Stowers, Chief Justice, Winfree, Maassen, Bolger, and Carney, Justices.

STOWERS, Chief Justice.

## I.    INTRODUCTION

Frank Griswold twice appealed the Homer Advisory Planning Commission's approval of a conditional use permit to the Homer Board of Adjustment and later appealed the Board's second decision to the superior court, which sua sponte

dismissed his appeal for lack of standing. Because Griswold did not have notice that his standing was at issue, his due process rights were violated. We therefore reverse and remand for the superior court to decide his appeal on the merits.

## II. FACTS AND PROCEEDINGS

In January 2014 the Homer Advisory Planning Commission approved a conditional use permit allowing "[m]ore than one building containing a permitted principal use" on Lot 1-A-1 Carl Sholin Subdivision No. 5 in the Central Business District in Homer. Frank Griswold, as a resident of Homer and as an owner of several lots in the area,[1] appealed the Commission's decision to the Homer Board of Adjustment. In June the Board issued a decision affirming the Commission's decision in part; it rejected two findings for insufficient evidence and remanded for consideration of additional evidence. On remand the Commission again approved the conditional use permit. Griswold again appealed. In January 2015 the Board affirmed the Commission's decision, and Griswold appealed to the superior court.

Oral argument before the superior court was held in February 2016, and the court subsequently accepted supplemental briefing. In January 2017 the court sua sponte dismissed the appeal for lack of standing by Griswold. In its dismissal order the court recognized that "the briefs by the parties did not address the issue of standing," but it noted that AS 29.40.060 provides for an appeal by "a person aggrieved from a decision," and it determined that the concerns raised by Griswold regarding the conditional use permit "do not rise to the level of aggrievement sufficient to satisfy the Homer ordinance

---

[1] Griswold reports that he owns eight lots "in very close proximity to the subject property," including his place of residence, and that one of his lots is "within 300 feet of the subject property." He indicates that one of the eight properties (not the one within 300 feet) was acquired after the notice of appeal was filed.

on standing." The court also found that Griswold's "potential injury is indistinguishable from the potential adverse effect . . . on any member of the general public of Homer."

Griswold filed a motion for reconsideration, which was denied. He then filed a motion for clarification of the order that denied reconsideration, arguing that because "[t]he order [was] captioned 'Order *For* Reconsideration[,]' . . . the [c]ourt may have intended to grant [the motion] rather than deny it." (Emphasis in original.) In response, the court issued an order explaining that "the body of the *Order* reflects the opinion of this [c]ourt that reconsideration was and is not appropriate." Griswold appeals.

## III. STANDARD OF REVIEW

"We review due process claims de novo, 'adopting the rule of law most persuasive in light of precedent, reason, and policy.' "[2]

## IV. DISCUSSION

Under the Alaska Constitution, "[n]o person shall be deprived of life, liberty, or property, without due process of law."[3] "[P]rocedural due process under the Alaska Constitution requires notice and opportunity for hearing appropriate to the nature of the case."[4] In order to "have a reasonable opportunity to be heard," the "[p]arties must have notice of the subject of proceedings that concern them."[5] "A hearing is required in

---

[2]     *Brandner v. Providence Health & Servs.–Wash.*, 394 P.3d 581, 587 (Alaska 2017) (quoting *Alyeska Pipeline Serv. Co. v. State, Dep't of Envtl. Conservation*, 145 P.3d 561, 564 (Alaska 2006)).

[3]     Alaska Const. art. I, § 7.

[4]     *Price v. Eastham*, 75 P.3d 1051, 1056 (Alaska 2003) (quoting *Walker v. Walker*, 960 P.2d 620, 622 (Alaska 1998)).

[5]     *Id.* (quoting *Potter v. Potter*, 55 P.3d 726, 728 (Alaska 2002)).

order to give the parties an opportunity to present the quantum of evidence needed [for the court] to make an informed and principled determination."[6]

Griswold argues that his due process rights were violated by the superior court's sua sponte dismissal for lack of standing. He points out that he asserted standing in his notices of appeal to the Board based on several lots he owns "within one block of the subject property," including one lot within 300 feet, and based on his belief that the uses approved via the conditional use permit "will create congestion, visual blight, and leaching/migration of sewage and other contaminates that will adversely affect the general character of the neighborhood and the value of his real property." In his second notice of appeal to the Board, he also alleged that the uses approved via the conditional use permit "will promote . . . criminal activity that will adversely affect the general character of the neighborhood and the value of his real property." He points out that the city clerk found these notices of appeal compliant with Homer City Code (HCC) provisions relating to the timing for and notice of appeal[7] and cites *Griswold v. City of Homer*, where this court held that "[t]he delegation [to the city clerk] of the authority to reject appeals for lack of standing was . . . lawful." He also notes that the Board did not raise the issue of his standing. He argues that his motion for reconsideration, which was limited to five pages under Alaska Civil Rule 77(k)(2), was his only opportunity to defend his standing.

The Board responds that "Griswold had ample notice that his standing was at issue and opportunity to demonstrate he met the standing requirement." It argues that "Griswold had ample notice of the criteria for determining his standing to appeal" and "fully understood his obligation to meet the standing criteria," noting that "[h]e

---

[6]     *Id.* (alteration in original) (quoting *Walker*, 960 P.2d at 622).

[7]     HCC 21.93.070, .080 (2008).

previously litigated his standing to appeal a Homer land use decision" and that his notices of appeal to the Board responded to the requirement to show that he had standing to appeal. It contends that Griswold did not "identify[] the specific location of his property"; that his "allegations regarding the harm that would result from [the conditional use permit were] nonspecific, conclusory and speculative"; and that he therefore failed to prove standing. The Board asserts that Griswold "had multiple opportunities to present evidence that showed he met [the standing] criteria[] and had a final opportunity to argue against the dismissal of his appeal through his motion for reconsideration." It also argues that "Griswold used his motion for reconsideration to advance new, and spurious, arguments for his standing, rather than directing the [s]uperior [c]ourt's attention to specific facts in the record."

Contrary to the Board's assertions, the record shows that Griswold did not have notice that his standing was at issue. After Griswold addressed the standing criteria in his notices of appeal and the city clerk found those notices compliant with HCC 21.93.070 and 21.93.080, he had no reason to believe that standing was at issue — his standing was never challenged. And while Griswold may have had "opportunities to present evidence that showed he met [the standing] criteria," he had no reason to seek to present such evidence because he had no notice that standing was at issue. Because no one had raised the issue of standing and the superior court sua sponte dismissed the appeal for lack of standing, without providing any opportunity to Griswold to make a showing of standing or remanding the case for him to present evidence, Griswold's only opportunity to present any argument regarding standing once the superior court determined sua sponte he did not have standing was his motion for reconsideration. The Board's arguments about the motion for reconsideration highlight the due process issues in this case. The Board argues that the motion for reconsideration "advance[d] new, and spurious, arguments for his standing, rather than directing the [s]uperior [c]ourt's

attention to specific facts in the record." But any arguments Griswold could make at that point would necessarily be new arguments because the issue of standing had never been raised until the dismissal order, and there had been no notice of the need to place any additional facts in the record to support his standing. Because Griswold did not have notice that his standing was at issue, his due process rights were violated.

## V.     CONCLUSION

We REVERSE and REMAND for the superior court to decide Griswold's appeal on the merits.