John M. VINZANT, Appellant,

v.

Tammy L. ELAM, Appellee.

No. S–8564.

Supreme Court of Alaska.

March 19, 1999.

Phil N. Nash, Law Offices of Phil N. Nash, Kenai, for Appellant.

Carol A. Brenckle, Kenai, for Appellee.

Before MATTHEWS, Chief Justice, EASTAUGH, FABE and BRYNER, Justices.

OPINION

EASTAUGH, Justice.

## I. INTRODUCTION

John VinZant challenges a child custody modification order and the motions which preceded its entry. We conclude that John's rights of due process were violated by the lack of notice that his custody rights were at issue at the hearing that preceded entry of the modification order. We therefore vacate that order and remand.

## II. FACTS AND PROCEEDINGS

John VinZant and Tammy Elam divorced in August 1995. The superior court adopted the parties' agreement regarding custody of their three children; it granted joint legal custody to both parties, but gave primary physical custody to Tammy.

Following the divorce, John moved in the superior court to vacate the settlement agreement, to obtain interim custody, and to have the court appoint a custody investigator. Before the court could consider John's motion, the parties agreed to transfer the children's primary physical custody to John. At a February 1997 status hearing, the superior court agreed to implement this agreement "on an interim basis." It permitted Tammy to move for modification of the agreement if, upon further consideration, she ultimately disagreed with the arrangements. Tammy did not so move. In March 1997 the superior court issued an order unconditionally approving the agreement.

Claiming that John failed to make the children available for visitation in the months following the hearing, Tammy moved in the superior court to enforce the visitation order. Accordingly, the superior court issued the following notice:

[Tammy] has filed a Motion seeking enforcement of her right to visitation. It appears that [John] has failed, for reasons unknown to this court, to abide by the Court's Order.... Consequently, [John] is ordered to show cause why he should not be held in contempt at a hearing before the court....

The superior court conducted the noticed show-cause hearing in December 1997. During the hearing Tammy testified that she wanted the court to grant her primary physical custody of the children.

After considering the file and the parties' testimony, the superior court gave sole legal and primary physical custody of the children to Tammy. Its February 1998 order stated that the custody change was based on John's refusal to cooperate with Tammy and his efforts to undermine the children's relationship with her. It specifically noted:

I find that [John] has been engaged in a course of conduct which has been intentionally designed to frustrate the agreement of the parties and the Orders of this Court. A consequence of this action cannot help but have had a serious adverse [e]ffect upon the love and affection existing between the children and [Tammy]. Certainly, it indicates that [John] has no desire to allow an open and loving frequent relationship between the child[ren] and the other parent. See AS 25.24.150(c)(6).

John appeals.

## III. DISCUSSION

John's nine grounds for appeal basically assert that the superior court (1) violated John's constitutional rights to due process and equal protection of the laws; (2) abused its discretion by considering irrelevant factors in making its post-divorce custody deter-

mination; and (3) abused its discretion when it denied John's motions.

## A. Standard of Review

■■■ John's constitutional arguments present questions of law,[1] which we review de novo; we will adopt the rule of law that is most persuasive in light of precedent, reason, and policy.[2] The custody decision will be reversed only if the superior court's findings of fact are clearly erroneous or if the superior court abused its discretion.[3]

## B. Constitutional Challenges

1. *Did entry of the custody order following the show-cause hearing violate John's due process rights?*

John argues that the superior court violated his right to due process by modifying custody without giving him notice and the opportunity to be heard. Tammy contests John's constitutional challenge, contending that John had adequate notice and ample opportunity to "prepare, defend and be heard" regarding custody. She argues that John knew that the issue of custody was unsettled because the superior court at the February 1997 status hearing approved the parties' agreement only on an interim basis. She alleges that John had sufficient opportunity to argue his position and introduce evidence during their post-divorce appearances before the court, including the December show-cause hearing.

■■■ Procedural due process under the Alaska Constitution requires that parties in a custody proceeding receive adequate notice and "a hearing which grants them the opportunity to present the quantum of evidence needed to make an informed and principled determination."[4] John had neither.

In reaching this conclusion, we are persuaded by our opinion in a case in which the superior court permanently modified custody based on a prior hearing in a domestic violence proceeding which it consolidated with the divorce proceeding.[5] We vacated the custody order in that case because it violated due process; the superior court did not provide an adequate hearing.[6] We first noted that domestic violence proceedings are distinct from custody proceedings.[7] Neither party had been given notice that permanent custody was at issue in the domestic violence proceeding.[8] Further, the finding of domestic violence was a change of circumstances that justified conducting a hearing on the issue of modification of custody, and was relevant to deciding whether to change custody.[9] But the superior court in the domestic violence proceeding did not consider the eight other statutory factors that are potentially relevant to the children's best interests.[10] And it did not hold a hearing at which the parties could present evidence on the remaining factors.[11] We therefore held that entry of the custody modification order violated due process.[12]

■■■ Likewise, the December show-cause hearing in the case now before us was not adequate to decide whether there should be a permanent change of custody. Show-cause proceedings, like domestic violence proceed-

---

1. *See Keane v. Local Boundary Comm'n*, 893 P.2d 1239, 1241 (Alaska 1995).

2. *See Ford v. Municipality of Anchorage*, 813 P.2d 654, 655 (Alaska 1991).

3. *See Howlett v. Howlett*, 890 P.2d 1125, 1126 (Alaska 1995).

4. *Cushing v. Painter*, 666 P.2d 1044, 1046 (Alaska 1983); *see also Hernandez v. Freeman*, 938 P.2d 1017, 1018 (Alaska 1997) (holding that superior court abused its discretion by granting motion to modify child custody order without hearing); *Howlett*, 890 P.2d at 1127 (holding that superior court erred by ruling on motion to modify custody without hearing).

5. *See Lashbrook v. Lashbrook*, 957 P.2d 326, 328 (Alaska 1998).

6. *See id.* at 329–30.

7. *See id.* at 329.

8. *See id.*

9. *See id.; see also* AS 25.24.150(c).

10. *See Lashbrook*, 957 P.2d at 329; *see also* AS 25.24.150(c).

11. *See Lashbrook*, 957 P.2d at 330.

12. *See id.*

ings, are distinct from custody modification proceedings. The show-cause hearing was directed at determining whether John had frustrated Tammy's right to visitation under the agreement and was therefore in contempt of court, whereas a custody modification proceeding focuses on the best interests of the children. The best interests determination requires the court to consider the statutory factors applicable in a given dispute. Although the finding that John had frustrated Tammy's visitation constituted a changed circumstance, the superior court at the show-cause hearing did not address the statutory factors that are potentially relevant to the children's best interests in this case.

Moreover, neither party had notice that custody was at issue in the show-cause hearing. Notwithstanding the superior court's statements at the February 1997 hearing, the written March 1997 order unconditionally approved the parties' agreement to give primary physical custody of the children to John. Tammy did not ask the court to modify custody after entry of the March order. The superior court scheduled the December 1997 hearing to address Tammy's motion to enforce the provisions of the existing custody and visitation arrangement. The superior court gave written notice that the hearing would address an "order to show cause" regarding John's failure to accommodate Tammy's right to visitation. This notice did not inform John that permanent custody might turn on his denial of visitation.

Therefore, we conclude that it was error to modify custody permanently on the basis of the show-cause hearing. We vacate the February 1998 order awarding primary physical custody to Tammy and remand for consideration of whether the children's best interests justify awarding primary physical custody to Tammy. John's frustration of Tammy's visi-

tation rights is sufficient to establish the threshold burden of changed circumstances.[13] The trial court may maintain the children's current custody arrangement pending a new hearing and resolution of this matter.

2. *Was Civil Rule 81 inequitably applied so as to deprive John of due process and equal protection of the law?*

■ John complains that the superior court, pursuant to Civil Rule 81, rejected two pleadings he filed pro se after his attorney attempted to withdraw, but failed to apply the same rule to a pleading Tammy filed pro se. Because John does not explain how the superior court's allegedly inconsistent exercise of its discretion violated his right to due process, we decline to consider this argument.[14]

■ Nor is there adequate basis for John's argument that the superior court's inconsistent exercise of discretion was a per se violation of John's right to equal protection. The inquiry in equal protection claims is whether there has been a deliberate and intentional plan to discriminate based on some unjustifiable or arbitrary classification.[15] John makes no showing of any such discrimination. Moreover, it is as likely as not that any possible error was the result of clerical oversight, and not discrimination. We have held that the mere errors of judgment of officials do not amount to unconstitutional discrimination and that the good faith of officials is presumed.[16] We cannot meaningfully consider John's arguments.

C. *John's Other Arguments*

Because we vacate the February 1998 custody order on constitutional grounds, we need not reach John's arguments that the superior court abused its discretion by con-

---

13. *See* AS 25.20.110 (child custody "may be modified if the court determines that a change in circumstances requires the modification of the award and the modification is in the best interests" of children involved); *Lee v. Cox*, 790 P.2d 1359, 1361 (Alaska 1990) (movant bears burden of establishing substantial change in circumstances); *cf. T.M.C. v. S.A.C.*, 858 P.2d 315, 319 (Alaska 1993) (continued lack of cooperation between parties constitutes change of circumstances sufficient to modify custody).

14. *See Petersen v. Mutual Life Ins. Co.*, 803 P.2d 406, 410 (Alaska 1990).

15. *See North Slope Borough v. Puget Sound Tug & Barge*, 598 P.2d 924, 928 (Alaska 1979).

16. *See Douglas v. Glacier State Tel. Co.*, 615 P.2d 580, 591 (Alaska 1980).

sidering irrelevant factors and weighing certain factors too heavily when modifying custody. We do note, however, that evidence that one parent has consistently frustrated the other parent's visitation rights is one of the factors relevant to a change of custody.[17]

We also decline to reach John's claims that the superior court abused its discretion by (1) denying John financial relief without making fact findings when Tammy allegedly refused to permit him to visit the children; and (2) failing to appoint a guardian *ad litem* (GAL). We nonetheless note that it might be appropriate to appoint a custody investigator or GAL in this case, given the parties' allegations that the children were exposed to undesirable influences.[18]

Because it will affect any future child support order, we consider John's argument that the superior court abused its discretion by declining to recalculate child support after John received primary physical custody of the children in March 1997.

The parties' December 1996 agreement switching primary physical custody of the children from Tammy to John contemplated possible recalculation of child support after the parties submitted child support guideline affidavits and supporting documentation. But neither party submitted the required information. For this reason, the superior court denied John's July 1997 motion to recalculate child support.

John argues that the superior court abused its discretion because the law provides that support is due "whether a support order exists or not." We agree. A parent is obligated both by statute and at common law to support his or her children regardless of the existence of a support order.[19]

The fact that the court lacked information about John's finances should not defeat John's motion. Because John had primary physical custody for more than seventy percent of the year, John's own financial means were probably not relevant absent circumstances not present here. Therefore, John's failure to provide a financial affidavit did not justify denying a change in child support.[20]

On remand, the parties should submit the required information per the guidelines so that the court may calculate the child support Tammy owes from the date on which John actually received primary physical custody of the children (on or around February 10, 1997) until the date on which Tammy received primary physical custody of the children (on or around February 1998). The court should also calculate the child support John owes from the date on which Tammy received primary physical custody of the children (about February 1998).[21]

## IV. CONCLUSION

We VACATE the February 1998 order and REMAND for further proceedings consistent with this opinion.

CARPENETI, Justice, not participating.

---

17. *See* AS 25.24.150(c).

18. *See* AS 25.24.310(c).

19. *See Crayton v. Crayton*, 944 P.2d 487, 489 (Alaska 1997); *Matthews v. Matthews*, 739 P.2d 1298, 1299 (Alaska 1987).

20. *Cf.* Alaska R. Civ. P. 90.3(e) (permitting court to withhold or assess costs or attorney's fees for

failure to provide financial information required to calculate child support).

21. *Cf. Crayton*, 944 P.2d at 489–90 (ordering mother to reimburse father for her share of child support during period when children were returned to father under interim custody order even though interim order was silent on issue of child support).