*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| LAURA B., | ) |
| | ) Supreme Court No. S-16889 |
| Appellant, | ) |
| | ) Superior Court No. 3AN-12-10282 CI |
| v. | ) |
| | ) O P I N I O N |
| WADE B., | ) |
| | ) No. 7256 – July 6, 2018 |
| Appellee. | ) |
| | ) |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Erin B. Marston, Judge.

Appearances: Allison Mendel and John J. Sherman, Mendel Colbert & Associates, Inc., Anchorage, for Appellant. Wade B., pro se, Anchorage, Appellee.

Before: Stowers, Chief Justice, Winfree, Maassen, Bolger, and Carney, Justices.

PER CURIAM.

## I. INTRODUCTION

A father requested primary physical custody of his daughter, modifying the previous shared custody arrangement. The mother opposed the change, arguing there had not been a substantial change in circumstances. The superior court ordered a limited custody investigation to resolve a factual dispute related to the change in circumstances, promising a second hearing on the daughter's best interests. But after the custody investigator reported that the daughter wanted to live with the father, the court granted

the father primary physical custody without holding a second hearing. The mother appeals on due process grounds. We vacate the custody modification and remand for further proceedings because the failure to hold the second hearing denied the mother due process.

## II. FACTS AND PROCEEDINGS

Laura and Wade B.[1] married in 1989 and had three children together. Their youngest child, a daughter, is about a year from turning 18. This appeal concerns only the daughter's custody.

Laura and Wade have joint legal custody of the daughter and have been sharing physical custody on a week-on, week-off basis since their legal separation in 2013. In April 2017 Wade moved for full legal and physical custody. Wade claimed that the daughter wanted to live with him full time, that Laura was leaving the daughter home alone at night in violation of the existing custody order while working, and that the daughter was afraid when left alone at night. Laura opposed the motion on various grounds, including that custody could not be modified because Wade had not shown a substantial change in circumstances had taken place.[2]

The superior court held a hearing on Wade's motion. Each party — self-represented — was placed under oath at the beginning of the hearing. The parties adamantly disagreed about whether the daughter was being left home alone at night. The court indicated that being alone and afraid could be a substantial change in circumstances but determined that it could not resolve whether the daughter was actually alone based

---

[1] We use initials in place of the parties' last name to protect the privacy of their daughter.

[2] *See* AS 25.20.110(a) ("An award of custody of a child . . . may be modified if the court determines that a change in circumstances requires the modification of the award and the modification is in the best interests of the child.").

on the parties' conflicting testimony. The court ordered a limited custody investigation to resolve the factual dispute. The court expressly told the parties there would be a second hearing on the daughter's best interests if the custody investigator reported that the daughter was alone and afraid at night.

A custody investigator interviewed the daughter and reported that she wanted to live with Wade, that she was alone at night and it was "kinda scary," and that Laura would not let her go to church. The investigator assessed the daughter as honest, upset about being alone at night, and more upset about not being able to attend church. The superior court accepted the custody investigator's representations and issued a third supplemental custody order granting Wade primary physical custody without holding a second hearing on the daughter's best interests.

Laura appeals, arguing solely that her due process rights were violated by the failure to hold the second hearing.

## III.   STANDARD OF REVIEW

"The adequacy of the notice and hearing afforded a litigant in child custody proceedings involves due process considerations. A constitutional issue presents a question of law which we review de novo, and to which we apply our independent judgment."[3]

## IV.   DISCUSSION

The Alaska Constitution provides that "[n]o person shall be deprived of life, liberty, or property, without due process of law."[4] Procedural due process under this clause "requires notice and opportunity for hearing appropriate to the nature of the

---

[3]   *Debra P. v. Laurence S.*, 309 P.3d 1258, 1260 (Alaska 2013) (quoting *Lashbrook v. Lashbrook*, 957 P.2d 326, 328 (Alaska 1998)).

[4]   Alaska Const. art I, § 7.

case."[5]  "[I]t is essential to contested custody proceedings that the parties be afforded a hearing . . . grant[ing] them the opportunity to present the quantum of evidence needed to make an informed and principled determination."[6]

To comport with due process, custody should not be modified without an evidentiary hearing absent a specific exception to the hearing requirement.[7]  An exception may exist when "only a minor modification to a custody order is sought," such as "a scheduling change or a similar insubstantial alteration" with "no factual conflicts that require resolution."[8]  But when the requested change is "material and substantial,"[9] a hearing is required once the non-moving party opposes the motion.[10]  Wade's requested modification — full legal and physical custody — and the superior court's ultimate order — giving him primary physical custody — were both material and substantial alterations

---

[5]     *Debra P.*, 309 P.3d at 1261 (quoting *Lashbrook*, 957 P.2d at 328).

[6]     *Id.* (quoting *Cushing v. Painter*, 666 P.2d 1044, 1046 (Alaska 1983)).

[7]     *See Elliott v. Elliott*, 129 P.3d 449, 451 (Alaska 2006) ("An exception to the rule that a custody modification must be preceded by a hearing hinges on the degree of the modification."); *D.D. v. L.A.H.*, 27 P.3d 757, 760 (Alaska 2001) ("Our decisions . . . require an evidentiary hearing before an opposed motion to modify custody can be granted."); *A.H. v. P.B.*, 2 P.3d 627, 628 (Alaska 2000) ("When a superior court is asked to make a material and substantial change to a visitation arrangement, it should not do so without permitting all parties to be heard . . . ."); *Walker v. Walker*, 960 P.2d 620, 622 (Alaska 1998) ("[T]he superior court erred when it modified the custody and support decree without first conducting an evidentiary hearing.").

[8]     *D.D.*, 27 P.3d at 760.

[9]     *See A.H.*, 2 P.3d at 628.

[10]     *See Walker*, 960 P.2d at 622 ("Once [the non-moving parent] had opposed the motion, [the parent] was not obligated to present any further opposition to the court in order to earn a right to an evidentiary hearing.").

to the existing custody arrangement.[11] The superior court was therefore required to hold a hearing before entering a custody modification order.

Wade argues that the initial hearing was sufficient to meet this requirement because both parties testified under oath, and his testimony later was corroborated by the custody investigator. But the initial hearing was not adequate to grant Laura "the opportunity to present the quantum of evidence needed to make an informed and principled determination."[12] Finding a substantial change in circumstances is only the first step in a motion to modify custody; the second step is to determine the child's best interests.[13] The first hearing did not address the daughter's best interests — the superior court expressly directed the parties not to present evidence because a second hearing would follow if the custody investigator found that the daughter was being left alone at night and was afraid of being alone.

Had the superior court held a second hearing, Laura could have offered witnesses and other evidence supporting her contention that living with her was in the daughter's best interests. Laura also could have examined the custody investigator[14] and rebutted his findings and credibility assessments with her own evidence. But without the second hearing Laura was unable to challenge the custody investigator's findings or

---

[11]     *See D.D.*, 27 P.3d at 758-59, 760 (concluding change from 50/50 custody to father's primary physical custody was material).

[12]     *See Debra P. v. Laurence S.*, 309 P.3d 1258, 1261 (Alaska 2013) (quoting *Cushing v. Painter*, 666 P.2d 1044, 1046 (Alaska 1983)).

[13]     *Abby D. v. Sue Y.*, 378 P.3d 388, 394 (Alaska 2016).

[14]     *See* Alaska R. Civ. P. 90.6(d)(2) (providing that party has right to call custody investigator as witness to testify about investigator's report).

present other evidence and arguments about the daughter's best interests.[15] This violated Laura's right to due process.

## V.    CONCLUSION

We VACATE the third supplemental custody order and REMAND for an expedited evidentiary hearing to determine the daughter's custody based on her best interests.

---

[15]    *See Debra P.*, 309 P.3d at 1260 (holding that first hearing, where parties could not effectively present evidence and argument for final custody decision, did not cure failure to hold second hearing).